WERNER v. PELLETIER.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. DIVORCE (§ 331*)—ALIMONY—ACTION TO ENFORCE PAYMENT—DEFENSES.

An allegation of a proposed answer, in an action to enforce a foreign judgment for alimony, that under the statutes of the foreign state the judgment might be altered from time to time as to alimony, was not a defense to the action, in the absence of allegations that the alimony judgment had in fact been altered.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 331.*]

2. DIVORCE (§ 331*)—ALIMONY—ENFORCEMENT OF JUDGMENT—DEFENSES.

An allegation of a proposed answer, in an action to enforce a foreign judgment for alimony, that the courts of the foreign state hold that alimony adjudged is a vested right only until the wife's remarriage, when it ceases, and that plaintiff remarried a few weeks after the divorce judgment, was material as to the effect of the foreign judgment, and con-

stituted a defense to the action, if established, so that the answer could be amended by adding such allegation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. § 331.*]

3. JUDGMENT (§ 823*)—FOREIGN JUDGMENT—EFFECT.

No greater effect can be given a foreign judgment enforced in this state than it would have in the state where it was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1501–1503; Dec. Dig. § 823.*]

Appeal from Special Term, New York County.

Action by Estelle Werner against Louis Pelletier. From an order denying a motion for leave to amend the answer, defendant appeals. Reversed, and application for leave to amend granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

John N. Johnson, for appellant.
John W. Remer, for respondent.

DOWLING, J. Plaintiff by this action seeks to enforce in this jurisdiction a judgment of the circuit court of Cook county, in the state of Illinois, rendered July 18, 1902, while both were residents of that state and after personal service upon defendant and his appearance in the action, whereby she obtained an absolute divorce from defendant, with alimony at the rate of $40 per month, to recover arrears of which, amounting to $4,165 and interest, judgment is prayed for.

[1, 2] Defendant seeks leave to interpose an amended answer, setting up the following new matter:

"That under section 18 of chapter 40 of the Revised Statutes of the state of Illinois such an alleged judgment is not final, but may, with respect to alimony, be altered from time to time as may appear reasonable and proper; but the courts of the state of Illinois hold that alimony adjudged to a wife in a decree of divorce is a vested right only up to the time of her remarriage to another man, when it ceases and determines."

As to the first part of the proposed answer, it is ineffectual; for, while it sets up the power of the courts of the state of Illinois to alter the provisions for alimony contained in a judgment, it does not allege that such power has ever been exercised in this case. The second part, however, may be available to defendant, for prior paragraphs of the present answer set up the remarriage of plaintiff to Charles Werner "a few weeks" after the rendition of the judgment of divorce, and it may be that the amount concededly paid by defendant for alimony was sufficient to pay all the alimony which had accrued up to the time of the remarriage, which, if defendant can establish the state of the law in Illinois to be as claimed, might constitute a defense.

[3] We are not now called upon to determine whether the view of that law, which is sought to be pleaded, is correct. Assuming that he can establish this defense, it would have a material bearing upon the force to be given to the Illinois judgment; for, as was said in Suydam v. Barker, 18 N. Y. 468, 75 Am. Dec. 254, no greater effect is to be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

given to the judgment of any state than belonged to it in the state where it was rendered.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the application for leave to serve an amended answer granted, upon payment by defendant of the taxable costs and $10 motion costs. All concur.