HOPE W. BEECK, Respondent, *v.* ELMER E. BEECK, Appellant.

First Department, February 6, 1925.

**Husband and wife — divorce — action to recover unpaid alimony granted in foreign decree of divorce — foreign decree of absolute divorce on ground of cruelty — plaintiff may recover at law on foreign judgment — fact that plaintiff alleges no adequate remedy at law not fatal — plaintiff cannot enforce judgment under Civil Practice Act, § 1171 — judgment can be enforced by execution only.**

A wife who has secured a decree of absolute divorce in a foreign jurisdiction on the ground of cruelty may recover at law in this State the unpaid alimony under the foreign judgment.

The mere fact that the plaintiff states she has no adequate remedy at law is not fatal since the prayer for relief governs.

*It seems,* however, that she cannot have the judgment for unpaid alimony enforced under section 1171 of the Civil Practice Act, but must rely for its enforcement on an execution only, since the method of enforcement prescribed in section 1171 of the Civil Practice Act in the case of a foreign judgment for divorce is only available where the foreign judgment is granted upon the ground of adultery, and the fact that if the foreign judgment had granted a separation on the ground of cruelty, a judgment recovered in this State for unpaid alimony might be enforced in the manner prescribed in said section does not authorize the enforcement of a judgment recovered for unpaid alimony under a foreign decree of divorce, where that decree was granted on the ground of cruelty and not on the ground of adultery.

APPEAL by the defendant, Elmer E. Beeck, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 20th day of March, 1924, denying his motion for judgment made under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that the court has no jurisdiction of the subject-matter of the action.

*Percival E. Jackson,* for the appellant.

*Walradt & Blaney* [*Charles P. Blaney* of counsel], for the respondent.

MERRELL, J.:

The action is brought by Hope W. Beeck to recover a money judgment and also for certain alleged equitable relief. The complaint alleges that on or about September 7, 1910, the plaintiff recovered a judgment against the defendant, her former husband, in the State of Rhode Island granting her an absolute divorce on the ground of " extreme cruelty; " that such judgment or decree directed the defendant to pay the plaintiff the sum of $75 alimony each month to January 1, 1911, and thereafter the sum of $100 per month; that the final decree has not been amended or otherwise changed, and remains in full force and effect; that the defendant has failed to pay the plaintiff alimony arising out of said judgment amounting to the sum of $10,635, with interest from September 1, 1917; that the defendant departed from the State of Rhode Island and now is and for a long time has been a resident of the State of New York; that the defendant has not given any security for the payment of said alimony and has no property in the State of Rhode Island out of which said judgment can be satisfied. The complaint then contains, in the 11th paragraph thereof, the unnecessary allegation that the plaintiff has no adequate remedy at law. The prayer for relief is, *first,* that the aforesaid judgment be enforced in this State; *second,* that the defendant be adjudged to pay the plaintiff all arrears of alimony and $100 a month in the future as alimony; *third,* that the defendant be required to give security for the payment of said future alimony; *fourth,* that the defendant's personal property and the rents and profits of his real property be sequestered and a receiver thereof appointed; *fifth,* that the defendant be enjoined from disposing of his said property until he pay such alimony; and for such other relief as may seem just and proper.

The action is, of course, based entirely upon such foreign judgment. The law is well settled that an action can be brought in this State upon a judgment of this nature and a money judgment procured for alimony. Such a judgment, when obtained, can be

enforced in accordance with our laws applicable thereto. The action, however, is not an equitable one, although the court may, in certain cases, under the provisions of section 1171 of the Civil Practice Act, grant relief of an equitable nature. The leading case is that of *Lynde* v. *Lynde* (162 N. Y. 405; affd., 181 U. S. 183). That action was based upon a final decree of the Court of Chancery of the State of New Jersey. The plaintiff there obtained a decree of divorce on the ground of desertion. Thereafter the decree was amended so as to provide for the payment of alimony. An action was brought in this State on the New Jersey judgment, and it was sought therein not only to procure a money judgment, but to enforce the payment of such judgment in this State by means of the so-called equitable remedies of sequestration then provided for in our Code of Civil Procedure in respect to the enforcement of a domestic judgment for alimony. The Special Term held that the plaintiff was entitled to the relief asked, but the Appellate Division (41 App. Div. 280) in modifying and affirming the judgment held that while the plaintiff was entitled to a money judgment, under the provisions of the Code of Civil Procedure no relief could be granted except by execution. On appeal to the Court of Appeals the judgment of the Appellate Division was affirmed. Judge Gray of the Court of Appeals in his opinion said: " So far, therefore, as the final decree of the court in New Jersey adjudged moneys to be due and payable to the plaintiff from the defendant, it became a judicial debt of record, which the former was entitled to have enforced by the courts of this State, under the provisions of the Federal Constitution, and a judgment recovered thereupon could be executed only as our laws permit, * * * which would not include the particular equitable remedies provided by the statute in the chapter on matrimonial actions." An appeal was taken to the Federal courts and the decision of the Court of Appeals was upheld by the United States Supreme Court. (*Lynde* v. *Lynde*, 181 U. S. 183.) The opinion in the United States Supreme Court was written by Mr. Justice Gray, and it was there held that no Federal question was involved. The learned justice, however, quoting *McElmoyle* v. *Cohen* (13 Pet. 312, 325) and other cases, very clearly stated the law applicable to the enforcement of such judgments as follows: " The judgment is made a debt of record, not examinable upon its merits; but it does not carry with it, into another State, the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another State, it must be made a judgment there; and can only be executed in the latter as its laws may permit."

In the case of *Williamson* v. *Williamson* (169 App. Div. 597, 598)

a similar action was brought upon a judgment of divorce obtained in the Superior Court of Cook county, Ill. The judgment, which was entered upon the verdict of a jury, awarded to plaintiff certain alimony and costs. The right to bring such action was upheld by this court, and Mr. Justice CLARKE, writing the opinion, said: " The point made is that the courts of this State will not enforce the provisions of a foreign judgment of divorce in so far as they apply to the payment of alimony accruing by the terms of the foreign judgment after the date of the decree.   *   *   *   I do not think the point well taken. There is nothing uncertain about the Illinois decree. A definite amount is fixed therein payable at prescribed dates. There was no reservation by the court of power to alter or affect said provisions thereafter. It was a final judgment.   *   *   *   Section 1772 of the Code was amended* so as to provide that where a judgment rendered in another State upon the ground of adultery upon which an action has been brought in this State and judgment rendered therein requires the husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, apply the same remedies for enforcement as to a judgment rendered in this State."

It, therefore, follows that the plaintiff unquestionably has a right to bring this action and to ask judgment against the defendant for the various sums adjudged to be paid her by the defendant in the Rhode Island decree. The mere fact that the plaintiff states she has no adequate remedy at law is not fatal for the reason that the prayer for relief governs. Whether the court can or will grant the so-called equitable remedies under present section 1171 of the Civil Practice Act is a secondary question and has to do simply with the enforcement of a money judgment in this State when obtained. Under her complaint, the plaintiff can go to trial and establish her right to a money judgment against the defendant in this State. When the right to such judgment is established, the question respecting its enforcement will be important.

While it is not necessary at this time to decide any questions in respect to remedies, both counsel, in their briefs, seek a determination as to whether or not the plaintiff can in any event be granted equitable relief under section 1171 of the Civil Practice Act. Section 1772 of the Code of Civil Procedure was amended by chapter 318 of the Laws of 1904 apparently to provide for the situation which arose in the *Lynde* case. (*Tiedemann* v. *Tiedemann,* 172 App. Div. 819; *Moore* v. *Moore,* 143 id. 428; affd., 208 N. Y. 97.)

* See Laws of 1904, chap. 318.— [REP.

As so amended section 1772 extended the power of the courts so as to permit the enforcement of a foreign judgment for alimony or support by the so-called equitable remedies in the following cases only: " Where a judgment rendered, or an order made, as prescribed in this article, or in either of the last two articles, or a judgment for divorce or separation rendered in another State, upon the ground of adultery upon which an action has been brought in this State, and judgment rendered therein, requires a husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, also direct him to give reasonable security, in such a manner, and within such a time, as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose.   *   *   *." (See, also, Laws of 1918, chap. 189, amdg. said § 1772.)   The language used in this section is very clear and confines the right to relief, other than by execution, to foreign judgments of divorce or separation procured only on the ground of adultery.   In 1920, by section 1171 of the Civil Practice Act (Laws of 1920, chap. 925), the law was re-enacted to take effect in 1921 and now appears in section 1171 of the Civil Practice Act (as amd. by Laws of 1921, chap. 369) as follows: " Where a judgment rendered or an order made in an action in this State for divorce or separation, or a judgment rendered in another State for divorce upon the ground of adultery, or for separation or separate support and maintenance for any of the causes specified in section eleven hundred and sixty-one of this act, upon which an action has been brought in this State and judgment rendered therein, requires a husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court, in its discretion, also may direct him to give reasonable security, in such a manner and within such a time as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose.   If he fails to give the security, or to make any payment required by the terms of such a judgment or order, whether he has or has not given security therefor, or to pay any sum of money for the expenses of the plaintiff or for her support and maintenance or the support and maintenance of the children during the pendency of the action which he is required to pay by an order, the court may cause his personal property and the rents and profits of his real property to be sequestered, and may appoint a receiver thereof.   *   *   *."

The language used in section 1171 of the Civil Practice Act, as above quoted, differs quite materially from that used in former section 1772 of the Code of Civil Procedure and seems to enlarge and extend the discretionary power of the court in respect to

granting equitable remedies for the enforcement of a judgment for alimony or separate maintenance, based upon a foreign decree.

Under section 1772 of the Code it is plain that the so-called equitable remedies could be granted only in a case where the judgment or decree was rendered upon the ground of adultery.

Under section 1171 of the Civil Practice Act such relief can, in a proper case, and in the discretion of the court, be granted to enforce a judgment for alimony or for separate support and maintenance rendered in an action brought for either divorce or separation, upon the following grounds, viz.:

1. An action for divorce upon the ground of adultery; or,

2. An action for separation or separate support and maintenance upon any of the grounds specified in section 1161 of the act.

It is stated in the complaint now under consideration that the judgment, which is the basis of the plaintiff's cause of action, is one for divorce upon the ground of extreme cruelty. The judgment is final and is an absolute dissolution of the marriage between the parties. Had the judgment granted a separation upon the ground of extreme cruelty, I am of the opinion that the case would have fallen within section 1171 of the Civil Practice Act.

It has been the established policy of the courts of this State to disregard decrees of absolute divorce of foreign jurisdictions, granted for causes other than adultery, when it has been possible so to do, without disregarding the provisions of the Federal Constitution. (See U. S. Const. art. 4, § 1.)

The facts stated in the complaint in the case at bar show conclusively that the foreign decree of absolute divorce was not granted upon the ground of adultery. Such being the case, there is no reason to stretch the letter of the statute so as to cover the facts stated in the complaint. The judgment being one of absolute divorce, but not, however, upon the ground of adultery, it does not fall within the language used by our Legislature in enacting section 1171 of the Civil Practice Act.

While statutes of this nature have been at times very liberally construed, the court should not read into the statute now under consideration words which the Legislature has left out. Had the Legislature intended to vest in the courts the discretionary right to grant the equitable remedies set forth in the aforesaid sections, in cases of absolute divorce granted in a foreign State upon grounds other than adultery, such authority should have been explicitly set forth in the aforesaid section.

We, therefore, hold that the complaint states a good cause of action to the extent that the plaintiff will be entitled to a money judgment against the defendant, in case she is able to prove the

facts stated in the complaint, and that such judgment, if obtained, can be enforced in the courts of this State only by execution.

Upon the grounds aforesaid, the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of the order on payment of said costs.

CLARKE, P. J., DOWLING, MARTIN and BURR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.