YETTA MILLER, Appellant, Respondent, v. SOLOMON MILLER, Respondent, Appellant.

First Department, December 31, 1926.

**Husband and wife — divorce — action to enforce foreign judgment of absolute divorce granted on ground of extreme cruelty — under Civil Practice Act, §§ 1171, 1172, plaintiff is entitled to money judgment only for accrued alimony and is not entitled to equitable remedies.**

The plaintiff procured a judgment of absolute divorce in the State of Nevada on the ground of extreme cruelty, in an action brought by the defendant herein, and that judgment awarded alimony to the plaintiff herein for her own support and for the support of a minor daughter. In this action to enforce the judgment in this State the plaintiff, under sections 1171 and 1172 of the Civil Practice Act, can only have a money judgment for alimony and is not entitled to a judgment directing the defendant herein to pay the alimony accrued, which judgment could be enforced by contempt proceedings.

CROSS-APPEALS from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 22d day of October, 1925, and also from a judgment entered in said clerk's office on the 19th day of November, 1925, pursuant to said order.

The plaintiff appeals from so much of the order as denies her motion for final judgment in the form annexed to the notice of motion and from the corresponding part of the judgment. The defendant appeals from all of said order and all of said judgment except those parts thereof from which the plaintiff appeals.

*Morris Hillquit* of counsel, for the plaintiff.

*Benjamin Barondess* of counsel, for the defendant.

BURR, J. The action was brought to enforce in the courts of this State a decree of divorce granted against the defendant in the State of Nevada in favor of the plaintiff on the ground of extreme cruelty. The complaint is in equity and in substance sets forth the following facts:

1. About March 1, 1922, defendant husband sued the plaintiff wife in the District Court of the State of Nevada for a divorce on the ground of alleged cruelty; plaintiff herein appeared in said action and filed a cross-complaint asking for divorce on the ground of extreme cruelty.

2. The District Court of Nevada is a court of general jurisdiction.

3. (a) On June 23, 1922, the plaintiff herein recovered judgment

in said action, upon her cross-complaint, granting her a divorce from the defendant upon the ground of extreme cruelty.

(b) The custody of the minor daughter of the parties was awarded to the plaintiff and the custody of the minor sons was awarded to the defendant.

(c) The plaintiff herein was awarded 49 shares of stock of the Sol Mill Realty Company, subject to the *pro rata* share of said stock of a total indebtedness of $13,000 existing upon all the stock, by reason of a lien held by a bank in New York thereon.

(d) The defendant was directed to pay plaintiff, for her own support, $100 per month, and $50 per month for the support of the minor daughter of the parties.

4. There is due and payable under said decree the sum of $500 for accrued alimony.

5. There is due and payable under said decree the sum of $250 for the support of the daughter of the parties.

6. Both parties are residents of the State of New York.

7. The defendant has not given any security for the payment of the alimony, or the payment of the support of the minor daughter of the parties.

8. The defendant has a monthly income of $3,000 and owns property in this State of the value of $100,000.

9. The plaintiff is and will be unable to reach any of the income or property of the defendant and will be without remedy without the relief prayed for.

Judgment is demanded as follows:

A. That the amount of accrued alimony due under said foreign judgment be determined.

B. That the amount due for the support of the minor daughter under said foreign decree be determined.

C. That the defendant be adjudged to pay plaintiff the said sum so in arrears.

D. That defendant be adjudged to pay plaintiff future alimony for herself at the rate of $100 per month and support for the minor daughter at the rate of $50 per month.

E. That the Court award to the plaintiff 49 shares of the stock of the Sol Mill Realty Company, subject to the lien above mentioned.

F. That plaintiff have such other and further relief as may be just.

The defendant did not answer, but moved to dismiss the complaint upon the ground that it appeared upon the face of the same that it did not state facts sufficient to constitute a cause of action. The motion was denied at Special Term. The defendant appealed from the order denying said motion and the order was affirmed by

the Appellate Division without opinion (214 App. Div. 723). The defendant did not avail himself of the right to answer the complaint as provided in the order of affirmance and on his default the plaintiff moved for final judgment.

The learned justice at Special Term decided in favor of plaintiff, saying: " Motion is granted to the extent of directing that a money judgment be entered for the amount of the alimony due under the decree of the Nevada court; otherwise denied. Settle order on notice."

The learned justice at Special Term, however, signed the order appealed from, wherein an equity judgment is ordered, directing the defendant to pay plaintiff the accrued alimony of $1,300 for her daughter's support. Upon this order a judgment was entered following the order in identical terms, likewise directing defendant to pay alimony accrued.

By this order and judgment, while plaintiff does not obtain a direction for future alimony for herself and daughter, she does obtain a direction to defendant to pay her accrued alimony, thereby obtaining the right to proceed for contempt should defendant fail to pay.

The plaintiff now appeals from so much of the order made at Special Term as denies her application for judgment, directing defendant to pay future alimony for her own and her daughter's support, and directing that if the Nevada decree is ever amended, then the New York decree be likewise amended. She also appeals from so much of the judgment entered on such order as refuses her the relief denied by the said order. Plaintiff contends she is entitled to the full relief prayed for in the complaint under section 1172 of the Civil Practice Act.

Defendant appeals from that part of the order and judgment which grants plaintiff a direction to defendant to pay the accrued alimony.

*Beeck* v. *Beeck* (211 App. Div. 720) was an action based as here upon a foreign judgment of divorce granted on the ground of cruelty. MERRELL, J., writing for a unanimous court, said (at pp..721, 722): " The law is well settled that an action can be brought in this State upon a judgment of this nature and a money judgment procured for alimony. Such a judgment, when obtained, can be enforced in accordance with our laws applicable thereto. The action, however, is not an equitable one, although the court may, in certain cases, under the provisions of section 1171 of the Civil Practice Act, grant relief of an equitable nature." (Citing cases.)

(At pp. 725, 726): " Under section 1772 of the Code it is plain that the so-called equitable remedies could be granted only in a case where the judgment or decree was rendered upon the ground of adultery.

" Under section 1171 of the Civil Practice Act such relief can, in a proper case, and in the discretion of the court, be granted to enforce a judgment for alimony or for separate support and maintenance rendered in an action brought for either divorce or separation, upon the following grounds, viz.:

" 1. An action for divorce upon the ground of adultery; or,

" 2. An action for separation or separate support and maintenance upon any of the grounds specified in section 1161 of the act.

" It is stated in the complaint now under consideration that the judgment, which is the basis of the plaintiff's cause of action, is one for divorce upon the ground of extreme cruelty. The judgment is final and is an absolute dissolution of the marriage between the parties. Had the judgment granted a separation upon the ground of extreme cruelty, I am of the opinion that the case would have fallen within section 1171 of the Civil Practice Act.

" It has been the established policy of the courts of this State to disregard decrees of absolute divorce of foreign jurisdictions, granted for causes other than adultery, when it has been possible so to do, without disregarding the provisions of the Federal Constitution. (See U. S. Const. art. 4, § 1.)

" The facts stated in the complaint in the case at bar show conclusively that the foreign decree of absolute divorce was not granted upon the ground of adultery. Such being the case, there is no reason to stretch the letter of the statute so as to cover the facts stated in the complaint. The judgment being one of absolute divorce, but not, however, upon the ground of adultery, it does not fall within the language used by our Legislature in enacting section 1171 of the Civil Practice Act.

" While statutes of this nature have been at times very liberally construed, the court should not read into the statute now under consideration words which the Legislature has left out. Had the Legislature intended to vest in the courts the discretionary right to grant the equitable remedies set forth in the aforesaid sections, in cases of absolute divorce granted in a foreign State upon grounds other than adultery, such authority should have been explicitly set forth in the aforesaid section.

" We, therefore, hold that the complaint states a good cause of action to the extent that the plaintiff will be entitled to a money judgment against the defendant, in case she is able to prove the facts stated in the complaint, and that such judgment, if obtained, can be enforced in the courts of this State only by execution."

We believe that sections 1171 and 1172 of the Civil Practice Act (Code of Civil Procedure) must be read together and as so read under the construction given by this court in the *Beeck Case* (*supra*)

to section 1171 of the Civil Practice Act, the plaintiff herein, having sued on a decree of a foreign court granting divorce on the ground of cruelty, is limited under section 1172 of the Civil Practice Act to the recovery of a money judgment for the amount representing alimony for the support of herself and her children due and unpaid at the time specified in the order appealed from, which judgment can be enforced by execution.

The judgment and order should, therefore, be modified so as to provide that the motion for judgment be granted to the extent only of awarding a common-law money judgment for the plaintiff, and that judgment be entered accordingly; and as so modified affirmed, without costs of this appeal.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order modified as indicated in opinion and as so modified affirmed, without costs.