THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN V. BARTON, Relator, *v*. THE CHIEF OF POLICE OF THE CITY OF ROCHESTER, NEW YORK, Respondent.

Supreme Court, Monroe County, December 6, 1927.

**Crimes — disorderly persons — relator was arrested under warrant issued by Children's Court for abandoning infant son in violation of Code of Criminal Procedure, § 899 — decree of divorce granted wife, providing for weekly payment for support of child and herself, does not bar prosecution of relator as disorderly person — writ of habeas corpus dismissed.**

Relator, who was arrested under a warrant issued by the Children's Court, charging him with being a disorderly person, in violation of section 899 of the

Code of Criminal Procedure, in that he abandoned an infant son, is not entitled to release under a writ of habeas corpus, by reason of the fact that relator's wife obtained a decree of divorce granting her eight dollars weekly for the support of herself and the infant son; notwithstanding the judgment of divorce, relator was amenable to arrest as a disorderly person.

APPLICATION under a writ of habeas corpus for release of relator.

*Gilbert A. Nusbaum,* for the relator.

*William F. Love, District Attorney,* for the respondent.

CUNNINGHAM, J.   The relator was arrested under a warrant issued by the judge of the Children's Court of Steuben county charging him with being a disorderly person in violation of section 899 of the Code of Criminal Procedure, in that he had abandoned an infant son, leaving him without adequate means of support.

The relator's wife obtained a decree of divorce from relator in which the custody of the infant son was awarded to the mother and the relator was required to pay the sum of eight dollars per week for the support of the mother and infant son.   Notwithstanding the decree of divorce the relator may be convicted of being a disorderly person if he fail to support the infant son. (*Matter of Soriano,* 216 N. Y. 720.)

The record on appeal in that case discloses that the facts are quite similar to the one at bar.   Although the order dismissing the writ was affirmed by the Appellate Division and by the Court of Appeals without opinions, quite lengthy opinions were written in the matter by the magistrate and by the county judge of Kings county.

It appeared that a final judgment had been entered granting a separation to Mrs. Soriano and awarding to her the custody of an infant daughter and directing Soriano to pay seven dollars a week for the support of Mrs. Soriano and the child.   It was shown that Soriano had failed to pay for the support of his daughter.   It was held that, notwithstanding the judgment of separation, Soriano might be arrested and convicted as a disorderly person.

The question raised in this case must be deemed to be settled by the decision in the *Soriano* matter.

The writ of habeas corpus is dismissed and the relator remanded to the custody of the chief of police of the city of Rochester, N. Y.