JESSAMINE E. CURRAN, Plaintiff, v. JOHN G. CURRAN, Defendant.

City Court of New York, New York County, February 27, 1930.

*Samuel J. Aronowitz*, for the plaintiff.

*William B. Lyman*, for the defendant.

NOONAN, J. Motion for summary judgment in an action brought by a wife against her husband to recover for arrears of alimony which have accrued under a decree of separation rendered in the Court of Chancery of the State of New Jersey.

It is conceded that the Court of Chancery had jurisdiction to render the decree, and that the defendant was personally served with process in the State of New Jersey. The decree, dated November 29, 1924, awarded the plaintiff alimony at the rate of fifteen dollars a week, commencing with the date of the decree, " until the further order of this court to the contrary." It also provided that either party was at liberty to apply " upon a future change of circumstances of the parties for a variance, or modification of this decree touching said alimony and maintenance as shall be just and equitable."

The defendant opposes the motion on two grounds as set forth in the opposing affidavit. It is first contended that he was never served personally with a copy of the decree, and has no personal knowledge of the terms thereof. Secondly, the defendant alleges on information and belief that the Court of Chancery of New Jersey has the power to modify the decree both as to past and future installments of alimony. It is then concluded that the decree is not final in its nature and is not entitled to full faith and credit in this State.

As to the first contention, there is no proof submitted that to render the decree effective in the State of New Jersey it was necessary that the defendant be served personally with a copy of it. A decree is a matter of public record, and the defendant is presumed to have knowledge of it. It has been held in this State that service of a copy of the decree is not necessary to make it binding on the defendant. (*Lawrence* v. *Lawrence*, 202 App. Div. 844.)

The action here is based on the New Jersey judgment, which has awarded alimony to the plaintiff, and which in the course of time has not been paid. I see no merit in defendant's first objection. Nor is the second argument of the defendant of any avail. There is nothing here to gainsay the finality of the New Jersey decree and that the plaintiff had a vested right in the installments of alimony as they accrued. (*Sistare* v. *Sistare*, 218 U. S. 1.) " Unpaid alimony is treated as a judicial debt, for which the courts of this State will give a pecuniary judgment." (*Levy* v. *Dockendorff*, 177 App. Div. 249, 252.) While the Chancery Court of New Jersey reserved the power to modify the decree with regard to alimony, this power was one to be exercised in *futuro* upon application of either party under circumstances justifying a variance or modification of the decree. The defendant does not show that the award of alimony was in fact altered by the New Jersey court. (*Werner* v. *Pelletier*, 148 App. Div. 137.) The courts of this State have in many instances rendered a common-law money judgment based on a foreign decree of alimony, where it appeared that it was final, and that installments of alimony had accrued and had not been paid. (*Miller* v. *Miller*, 219 App. Div. 61; affd., 246 N. Y. 636; *Beeck* v. *Beeck*, 211 App. Div. 720, 721; *Stewart* v. *Stewart*, 198 id. 337; *Van Horn* v. *Van Horn*, 196 id. 472; *Levy* v. *Dockendorff*, 177 id. 249, 252; *Williamson* v. *Williamson*, 169 id. 597.)

In *Beeck* v. *Beeck* (*supra*) the court said: " The action is, of course, based entirely upon such foreign judgment. The law is well settled that an action can be brought in this State upon a judgment of this nature and a money judgment procured for alimony. Such a judgment, when obtained, can be enforced in accordance with our laws applicable thereto."

The New Jersey law is the same as it is here. In *Bolton* v. *Bolton* (86 N. J. Law, 622; 92 A. 389) the New Jersey court affirmed the right to recover for accrued alimony due on a decree of divorce obtained in this State.

The right to recover installments of alimony as they become due is usually a vested one, and is protected by the full faith and

credit clause of the Constitution of the United States (Art. 4, § 1), provided no modification of the decree has been made prior to the maturity of the installments. (*Sistare* v. *Sistare, supra.*) Here there is no proof by the defendant, as already stated, to show that the right to recover the arrears of alimony is not a vested one. Nor has it been shown that the decree has been modified prior to the coming due of the installments. The case of *Lynde* v. *Lynde* (162 N. Y. 405; affd., 181 U. S. 183), relied upon by the defendant, has been explained in *Sistare* v. *Sistare* (*supra*, 16). (See, also, *Beeck* v. *Beeck, supra*, 722.)

There is no reason, in my judgment, why this plaintiff is not entitled to a summary judgment for the accrued alimony sued for. Motion is granted. Order filed.