GEORGE HARDY, Plaintiff, *v.* ANNA HARDY, Defendant.

Supreme Court, Kings County, March 18, 1930.

*James J. McCullough,* for the plaintiff.

*David F. Price,* for the defendant.

DIKE, J. Upon the order to show cause, the plaintiff is sought to be punished for contempt of this court for his failure to make certain payments amounting to $165, as directed by a final judgment of divorce duly made and entered in the second judicial district of the State of Nevada, in the county of Washoe.

It appears that the defendant, the wife in the action for an absolute divorce, brought by her husband, on the ground of desertion in accordance with the statutes of the State of Nevada, had filed against her a judgment of absolute divorce in favor of her husband, and the decree of divorce provided, among other things, that the plaintiff husband pay the defendant twelve dollars and fifty cents a week for the support and education and maintenance of the minor child, and, further, the sum of seven dollars and fifty cents, as alimony for this defendant.

It is alleged by the defendant that these payments of alimony have not been made in conformity with the decree, and that there is now due a balance of $165, and that the rights of the defendant in that regard have been impaired and impeded. And it is for those reasons that it is now sought to have an order adjudging the plaintiff husband guilty of contempt of court for his failure to make the payments of alimony directed by the judgment of the Supreme Court in the State of Nevada, dated the 13th day of November, 1929. Can this defendant secure an order punishing this plaintiff for contempt? Has there been any contempt on the part of this plaintiff which would justify this court in directing

his punishment? Can this defendant enforce this decree of Nevada in the State of New York, *a decree granting an absolute divorce on a ground not cognizable in this State?*

This involves an examination of sections 1171 and 1172 of the Civil Practice Act. It would appear that our courts should not punish by contempt the violation of a decree of a foreign jurisdiction under the circumstances here disclosed. A money judgment may be obtained, it is true, but not an order to punish.

In the case of *Miller* v. *Miller* (219 App. Div. 61; affd., 246 N. Y. 636) the plaintiff procured a judgment of absolute divorce in the State of Nevada on the ground of cruelty. Action was instituted to enforce the judgment in this State, and it was held that the plaintiff could only have a money judgment for alimony, and was not entitled to an order to punish the defendant by contempt proceedings. At page 63 of 219 Appellate Division, BURR, J., reviewed, among other things, the case of *Beeck* v. *Beeck* (211 App. Div. 720), which was an action based, as in the present case, upon a foreign judgment of divorce granted, in that case, upon the ground of cruelty, and the court in the *Beeck* case said: " The law is well settled that an action can be brought in this State upon a judgment of this nature and a money judgment procured for alimony. Such a judgment, when obtained, can be enforced in accordance with our laws applicable thereto. The action, however, is not an equitable one, although the court may, in certain cases, under the provisions of section 1171 of the Civil Practice Act, grant relief of an equitable nature "— citing cases.

At pp. 725 and 726 [of 211 Appellate Division]: " Under section 1772 of the Code, it is plain that the so-called equitable remedies could be granted only in a case where the judgment or decree was rendered upon the ground of adultery."

This clearly indicates the distinction. The Nevada divorce was granted for a reason that does not obtain in the State of New York. And the same rule was enunciated in the case of *Wemple* v. *Wemple* (219 App. Div. 241), where it was said that a defendant in an action for divorce in which a judgment was procured in another State cannot be held guilty of contempt for failure to pay a judgment procured thereon in this State for money only.

I, therefore, hold that the defendant may not succeed, that the plaintiff husband, in default of his payments, may not be punished as for a contempt of this court, and, therefore, the motion is denied.