ANNA BARBARA BARBER, Plaintiff, *v.* HENRY G. WARLAND, Defendant.

Supreme Court, New York County, December 30, 1930.

*Carl A. Kahlbaum,* for the plaintiff.

*Wesley M. Messersmith,* for the defendant.

COLLINS, J. The plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice. The action is to enforce provisions of a judgment obtained by the plaintiff against the defendant in Massachusetts. The parties hereto were formerly husband and wife. In 1928 plaintiff instituted an action against the defendant in the State of Massachusetts for absolute divorce. The defendant duly appeared in that action, and it is here conceded that the Massachusetts court had jurisdiction over the parties and subject-matter. The proceedings in the Massachusetts action culminated in a final decree of divorce in November, 1928, on the ground of desertion. The custody of two minor children of the parties was awarded to the plaintiff. The judgment ordered the defendant to pay to the plaintiff the sum of $6,000 " as and in lieu

of alimony, and all other charges, allowances and claims whatsoever. It is also decreed that the libellee (defendant herein) shall pay for the education, maintenance and support at school of said minor child, Barbara, a sum not to exceed twelve hundred dollars ($1,200) annually, and shall further pay for the maintenance and support of said minor child, Barbara, outside of school, the sum of five hundred dollars ($500) annually payable fifteen dollars ($15) weekly, from the first day of June to the first day of October in each year, the balance of said five hundred dollars ($500) to be paid as and when said minor child, Barbara, requests it of the libellee."

Subsequent to the rendition of the decree the defendant paid $500 on the $6,000 and has from time to time contributed to the support of the child Barbara, as well as to her education. The defendant contends that these payments towards the maintenance and education of the child exceed in amount the sums required to be paid under the terms of the decree. The present action is to recover the balance of the $5,500, admittedly due on the $6,000 award, and for $240, being payments for sixteen weeks at $15 a week, for the support of the child. The defendant, in addition to asserting that more than $240 has been expended by him towards the support of the child pursuant to the terms of the decree, presents the novel defense to the payment of the balance of $5,500 on the $6,000 award that there was an alleged agreement " between the attorneys and the Court " that the $6,000 would be paid whenever he was financially able to make such payment, and that he has not been and is not now in a financial position to discharge the obligation. The decree is annexed to the moving papers and originally provided that the $6,000 be paid " forthwith." It appears, however, that a line was drawn through " forthwith." No time of payment is specified. The presumption is, of course, unless the contrary appear, that a judgment is payable immediately. Apparently no stay was granted or applied for. The defendant does not challenge the validity or the terms of the judgment. He maintains that there was an agreement to indefinitely postpone the day of payment until his financial resources would justify payment. The defendant does not seek to collaterally impeach the judgment, but asks this court to enforce what he claims is an independent agreement. This court is bound by the Massachusetts judgment. The defendant cannot escape it. His claim that the judgment does not correctly incorporate the agreement between the parties should be presented to the court that rendered it. I am powerless to entertain it. As there is a dispute concerning the defendant's compliance with that portion of the foreign judgment requiring him to contribute to the maintenance and support of a child, summary judg-

ment as to the $240 item will be denied, but since defendant admits that $5,500 of the $6,000 award is unpaid, the action is severed and plaintiff is granted partial judgment pursuant to rule 114 of the Rules of Civil Practice, for such sum of $5,500, with interest from December 1, 1928. Although the plaintiff, in addition to her demand for a money judgment, prays that the defendant be required to furnish an undertaking to secure the future $15 weekly payments, and in the event the alleged past-due weekly payments and the $5,500 be unpaid, an order be entered sequestrating his property, the action is in law, not an equitable one. (*Beeck* v. *Beeck*, 211 App. Div. 720; *Miller* v. *Miller*, 219 id. 61; affd., 246 N. Y. 636.)

As the divorce obtained by the plaintiff in Massachusetts was on the ground of desertion, which is not recognized as a ground for divorce in this State, the plaintiff may not invoke the remedies of security and sequestration provided for by section 1171 of the Civil Practice Act. (*Beeck* v. *Beeck*, *supra; Miller* v. *Miller*, *supra.*) The clerk is directed to enter judgment accordingly.