Louis Caprio, Also Known as Louis Caple, Plaintiff, *v.* Bessie Caprio, Also Known as Bessie Caple, Defendant.

Supreme Court, Erie County, November 28, 1938.

*Dinah R. Rosenblatt,* for the plaintiff.

*Joseph H. Gintzler* [*Elmer I. Levy* of counsel], for the defendant.

NOONAN (THOMAS H.), Official Referee. This is a motion to vacate and set aside a judgment for $1,271.20 entered by the defendant against the plaintiff on August 2, 1938, and also to modify an order of Justice EDWARD R. O'MALLEY awarding the custody of Jean Lucille, their daughter, to the defendant. When it came before Justice CLARENCE MACGREGOR he referred it to me, an official referee of the Supreme Court, to hear and determine, and the hearing began on August 26, 1938, but was postponed to September 2, 1938, and finished that day.

The parties were married on July 27, 1918, and the plaintiff's action for a divorce was uncontested and the case was heard by Justice EDWARD R. O'MALLEY on April 25, 1933, and the interlocutory judgment therein was signed on July 13, 1933, and entered on July 14, 1933, and by its terms became final three months thereafter.

This judgment awarded the custody of Jean Lucille, then about two years old, to the defendant, with five dollars per week for her support, and it also provided that plaintiff could visit Jean Lucille once a week, and for that purpose she was to be left at the home of her aunt, Mrs. Majorie Lane, a sister of defendant, every Sunday at eleven o'clock A. M.

The plaintiff claims that he went to the home of Mrs. Lane on six or seven Sundays and gave the five dollars to Mrs. Lane, but that Jean Lucille was never there. The testimony of Mrs. Lane on this question is the same. When the plaintiff could not see Jean Lucille, as directed by the judgment, he stopped paying for her support. Then the defendant had him arrested as a disorderly person, under section 899 of the Code of Criminal Procedure, on August 29, 1933, about six weeks before the interlocutory judgment became final, and on the same day he was taken before Chief Judge GEORGE W. WOLTZ, and what happened there is best shown by the

testimony before me of John F. Lillis, one of the probation officers of the City Court, which testimony is as follows: " Q. Will you tell what happened when the case came up before the Court? A. August 29th, 1933, Louis Caple was arrested and brought before Judge WOLTZ on a charge of being a disorderly person, and non-support, on the complaint of his wife. He was duly convicted and placed on probation for an indefinite period with order to support the child. Q. When was this? A. August 29th, 1933. Q. That is before the granting of the divorce? Mr. Gintzler: No, it is subsequent. The Referee: The divorce is later? The Witness: Yes. Mr. Gintzler: The divorce was in July, 1933, July 15th, 1933. The Referee: That is what I thought. Q. Wasn't there an arrest after 1933 — I am sorry, but the divorce was granted July 14, 1933, that is right, isn't it? Was he arrested after July, 1933? The Witness: I was arrested August 29th, 1933, after. The Referee: Later than that? The Witness: No, we had an informal hearing. The Referee: When? The Witness: August 29th, 1933, in Judge WOLTZ's office. At the time Judge WOLTZ gave an order that Mrs. Caple should let her husband see the child every Sunday and take her out for a ride. Mrs. Caple told me she would not let husband take the child under any circumstances. I took her and her husband together with their lawyers back to Judge WOLTZ, and she told the same thing to Judge WOLTZ, and Judge WOLTZ said unless you let him see the child or take her for a ride Sunday afternoons Mr. Caple was not to pay any money to her for the support of the child, and take the case up with Judge O'MALLEY. Q. Later on he was discharged from probation? A. He continued to report on probation, and never paid any money, and we discharged him when the probation period ended."

The City Court had jurisdiction of the case. (*People ex rel. Barton* v. *Chief of Police*, 130 Misc. 819; *People ex rel. Soriano* v. *Soriano*, 30 N. Y. Crim. Rep. 423; affd., 166 App. Div. 935; affd., 216 N. Y. 720; *Kingsbury* v. *Sternberg*, 178 App. Div. 435; *People* v. *Houtman*, 197 id. 84; *People ex rel. Ford* v. *Ford*, 124 Misc. 19.) The defendant did not appeal from the decision of Judge WOLTZ, nor follow his advice to go again before Justice O'MALLEY. Having submitted her case to the City Court of Buffalo, the defendant is bound by its decision. (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Gibson* v. *Gibson*, 81 Misc. 508, and case cited at p. 511.)

After the decision in the City Court nothing for support was paid until about March, 1936, when, apparently by an oral agreement, plaintiff began to pay the defendant three dollars per week for the support of Jean Lucille and also to furnish medicine and clothing. The plaintiff seems to have kept his agreement. A receipt from

defendant reads as follows: " Received $3.00 15th, $3.00 22nd Sept. 1937. Bessie Caple. Received $3.00 Sept. 29, 1937. Bessie Caple. Louie has paid me every week on Wednesday. He also pays for Jean's medicine."

The judgment entered against plaintiff was evidently based on the theory that he was liable for all back support at five dollars per week, less credits for the amounts paid. This brings us to the first rea lquestion in the case, viz., can the judgment of the court as to support be modified by the agreement of the parties?

This question was carefully considered by Mr. Justice CARSWELL in the case of *Ostrin* v. *Posner* (127 Misc. 313). At pages 314 and 315 he holds such an agreement is not binding in separation cases. (See cases cited.) He also said: " But the decree herein is in a divorce, not a separation, action. A different rule exists with regard to executed agreements with respect to obligations under a divorce decree. (*Van Ness* v. *Ransom*, 164 App. Div. 483; affd. *sub nom. Parsons* v. *Macfarlane*, 220 N. Y. 605.) " The agreement of the parties for a smaller amount of support having been executed by the making of the agreed payments, the plaintiff is not liable for any unpaid support since the agreement was made in March, 1936.

The other important question is whether or not, under the facts before me, the plaintiff is liable for the support accruing prior to March, 1936. The judgment of divorce, as to support, provides as follows:

" Further ordered, adjudged and decreed, that the defendant be.awarded the custody of the child Jean Lucille Caple, with the privilege to the said plaintiff of visiting the said child once a week; the said child to be left by the defendant with her sister, Mrs. Charles Lang, at 269 Breckenridge Street, Sunday mornings at 11:00 o'clock in the morning so that plaintiff may have the privilege of seeing the child on Sunday morning of each and every week from 11:00 A. M. to 7:00 P. M.; and it is

" Further ordered, adjudged and decreed, that the plaintiff pay to the defendant the sum of Five Dollars ($5.00), per week for the support and maintenance of their said child, Jean Lucille Caple, payable each and every week at the home of the defendant, wherever she may be residing."

As the right to visit the child, under the judgment of the Supreme Court, is not a condition precedent for the payment of the support of Jean Lucille, the defendant would have the right to recover it (*Schweig* v. *Schweig*, 122 App. Div. 787; *Helmbold* v. *Helmbold*, 127 Misc. 761) *if* she had not taken her case into the City Court of Buffalo, where it was held that the right to visit the child was a

condition precedent to the plaintiff's obligation to pay for her support. The plaintiff is bound by this decision. (*Gibson* v. *Gibson, supra.*) There is no evidence to show that the defendant complied with the decision for two and one-half years, and from the testimony of Mr. Lillis it is clear that she never intended to, and the plaintiff never paid anything for the supuort of Jean Lucille to the defendant while he was on probation in the City Court. Having failed to comply with the judgment of the City Court, she is not entitled now to recover a judgment for any back due support.

The docketing of a judgment for back alimony is a recognized practice (*Thayer* v. *Thayer*, 145 App. Div. 268; *Farquhar* v. *Farquhar*, 172 id. 242; *Matter of Curtis*, 188 id. 470), and the judgment is good *if* supported by facts, but, like any other judgment, it can be set aside or modified. As I have decided that there was no back support due from the plaintiff to the defendant when the judgment was entered against him on August 2, 1938, the judgment must be vacated, set aside and canceled of record.

The defendant has, with the permission of the court, remarried, and her present husband has consented to share with her the support of Jean Lucille. The defendant is also deriving some income from the rooming house she is conducting at 5 Arnold street.

Judgment herein may be entered as follows:

(1) Vacating, setting aside and canceling of record the judgment for $1,271.20 for back support entered against him on August 2, 1938.

(2) Modifying the judgment of divorce so as to relieve him of all obligations to pay for the support of Jean Lucille.

(3) Denying the application of the plaintiff to award the custody of Jean Lucille to him.

No costs allowed to any one.

Submit findings in accordance with this decision.