VERNE SLOAN, Plaintiff, *v.* CHARLES SLOAN, Defendant.

Supreme Court, Erie County, May 13, 1949.

*David Perman* and *Sigmund Schwartz* for plaintiff.

*Dinah R. Rosenblatt* for defendant.

SAMUEL J. HARRIS, Official Referee. Reference to hear and determine. The plaintiff seeks to recover from the defendant certain amounts of moneys allowed for the support and maintenance of the infant child of the parties which she claims are due by reason of the provisions of a decree of divorce granted in a District Court of the State of Oklahoma; that decree severed the marriage relations of the parties heretofore existing. The District Court was of competent jurisdiction. No question is raised as to the validity of the decree of divorce and the binding effect thereof on the parties herein. Such decree in part provides that the plaintiff in the divorce action, the defendant in this action, should pay the sum of $42 a month for the support and maintenance of a minor daughter of the parties herein. The answer and defense of the defendant herein is that no moneys are owing by reason of the said provisions of divorce because of an agreement made between the parties herein after the entry of the decree of divorce and which agreement the defendant herein claims to have been made by the parties herein with the object of reducing the amount from $42 a month to $22 a month.

The plaintiff and the defendant were married in the State of New York in June, 1938. In 1939, there was born of such marriage a daughter now the only living issue of such marriage. At the time of the granting of the divorce, July 7, 1943, in the State of Oklahoma the defendant herein was in the armed service of the United States of America and stationed in the State of Oklahoma. During his army service and prior to the granting and entry of the decree of the Oklahoma State Court the plaintiff herein was receiving from the defendant herein the sum of $42 a month, all of which was paid by the Federal authorities, $22 of which were from the pay of the husband and $20 of which was a contribution of the United States Government. The decree of divorce placed the child in the custody of the mother and provided for the maintenance and support of the minor child the sum of $42, as the allowance to be paid monthly by the father for the support of this minor child. The defendant herein was discharged from the Army in January, 1946, and then returned to Buffalo, New York, to which city the plaintiff herein had previously come after the granting of the decree of divorce. From the granting of the divorce decree to the time of his discharge from the Army the $42 each month was paid to the plaintiff herein by Government checks. The defendant herein, the former husband, testified that when he returned to Buffalo about the 1st of February, 1946, he had a conversation with his former wife, the plaintiff herein, in which he stated to her that he was

unemployed, that due to an obligation he owed to his mother and due to the fact that $20 of the $42 had been contributed by the United States Government he felt that he should not be and he did not intend to pay her more than $22 a month in place of the $42 granted by the decree for the child and that the wife said: " O. K. ", that thereafter he paid her at the rate of $22 a month up to January 1, 1948. During the period from February 1, 1946, to the date of trial, March 7, 1949, he also paid her or on her behalf certain sums of money. He claims by reason of his talk with her in reference to the reduced amount and by reason of her saying: " O. K.", and then receiving and accepting the $22 a month he was freed from any obligation to pay any other sum of money under the decree. Shortly after his return to Buffalo the defendant herein secured employment, remarried and has issue by the second marriage. He has been steadily employed since early in February, 1946, and is now earning at least $50 a week. The former wife, the plaintiff herein, denies that she ever agreed to accept $22 a month in place of the $42 a month and denies that she said: " O. K." to the defendant's statement to her that he would not pay more than $22 a month. On the question of fact as to whether she said: " O. K." or not my finding is that the former husband, the defendant herein, is telling the truth. This finding being made by me, now comes the question as to whether such conversation and the future conduct of the parties thereafter are sufficient to constitute a defense to this action. Further proof is made before me that in January, 1948, the present plaintiff laid information in the City Court of Buffalo, a court having jurisdiction in nonsupport matters, and in such information claimed that her former husband was failing to support properly this child of the former marriage, Barbara. During the proceeding in the City Court of Buffalo the judge discharged the present defendant from the charge of nonsupport on the promise of such defendant to pay $7 a week. From the date of such hearing in the City Court of Buffalo the defendant herein has paid the sum of $7 a week to the plaintiff for the support of the child Barbara and now contends that the disposition of the proceeding in City Court absolved him from any obligation as to the Oklahoma decree of divorce for the support and maintenance of that child. In support of such contention the defendant herein cites *Caprio* v. *Caprio* (169 Misc. 568). On the *Caprio* case (*supra*) the plaintiff argues that, as the City Court of Buffalo proceeding brought by the plaintiff herein against the defendant herein did not result in a judgment or final order, the action in the City Court could have no legal effect on the

obligation of the parties herein insofar as the Oklahoma decree is concerned. On this question the court holds with this contention of the plaintiff herein.

In reference to the effect of the conversation in which the defendant on his return to New York State said he would only pay $22 a month and her response of " O. K." and the subsequent actions of the parties herein the court has now to consider whether or not such conversation and such subsequent actions did away with the obligations placed upon the defendant herein for maintenance and support of the minor child as set forth in the decree of the Oklahoma State Court. In the decree of the Oklahoma State Court was a direction without qualification to pay the amount of $42 a month. The statutes of the State of Oklahoma provided at the time of the entry of the decree and still have a provision that the court granting the decree could from time to time on a proper showing therein make a change in the amount to be paid for the maintenance and support of the infant minor child. (Okla. Stat., tit. 12, Code Civ. Pro., § 1277.) The courts of the State of Oklahoma have held that this statutory provision could only affect the amount to be paid in the future after the court had ordered modification of the original decree and that there is no power in the Oklahoma State Court to grant a modification that could affect the payment of installments of maintenance and support money already due and owing at the time of the application for the order and modification. (*Sango* v. *Sango*, 121 Okla. 283; *Sistare* v. *Sistare*, 218 U. S. 1.) Therefore under the laws of the State of Oklahoma the amount unpaid would be regarded as a judgment of the courts of that State. By virtue of the full faith and credit provision of the United States Constitution (art. IV, § 1) in any action brought in this State to enforce the payment of unpaid money of this type, the courts of this State must accept the unpaid amount as a basis of a judgment in the courts of this State except as to a legal or an equiable defense that came into existence after the accrual of the unpaid alimony. (*Smith* v. *Smith*, 255 App. Div. 652; *Miller* v. *Miller*, 219 App. Div. 61, affd. 246 N. Y. 636.) A legal defense in this State would be full payment. This the defendant herein has not proven. An equitable defense could be that the obligation for support was discharged as between the parties herein and on behalf of the infant child for whose benefit the provision for support was made in the Oklahoma decree. (*Smith* v. *Smith*, *supra.*) Though the plaintiff herein, the mother of the child, did agree to accept $22 a month or in the City Court $7 a week in place of the $42 a month there comes a question as to whether

such an agreement discharged the defendant herein, the former husband, from the obligation placed on him by the Oklahoma decree which fixed $42 a month as the necessary sum for the maintenance and support of the minor child.  On this question there is to be considered the nature and object of the provision for the payment of $42 a month.  It is not similar to an obligation to pay alimony to a wife and the reason that the wife is permitted to bring this action is that she is the one given the custody of the child and a proper agent to collect the money for its support.  (*Tiedemann* v. *Tiedemann*, 172 App. Div. 819, affd. 225 N. Y. 709.)  The provisions of support constitute the considered judgment of the court granting the decree of divorce and that cannot be disturbed by an agreement between the parents without the sanction of a court having proper jurisdiction on proof that the debt has been paid or that the circumstances are such that equity requires that the father be discharged of the obligation placed on him by the decree (*Smith* v. *Smith*, 255 App. Div. 652, *supra*).  There is no proof in this action that the full amount has been paid, in fact the proof is that it has not been paid.  There is no proof that the obligation has been discharged in some other way either by the former husband, the defendant herein, or by somebody else.  The only proof before this court is that a court with proper jurisdiction has decreed the payment of $42 a month and such full sum has not been paid.  In view of this I hold that the plaintiff herein is entitled to a judgment enforcing the decree of the Court of the State of Oklahoma to the amount of money which is the difference between the payment of $42 a month from the month of January, 1946, to the time of the commencement of this action.  That amount is $508.

This may be regarded as my decision herein and the plaintiff may have judgment against the defendant herein in the amount of $508, with costs.