Bergan, J.
The parties are husband and wife. In December, 1937, the Probate Court of Massachusetts entered an order upon petition of the wife directing the husband to pay $15 a week for her support. This was based on a finding of the court that the wife for justifiable cause was living apart from the husband. The parties then both resided in Massachusetts. They both now reside in New York. This action is maintained by the wife for the enforcement of the decision of the Massachusetts court. The prayer for relief is that the decree in Massachusetts be made the judgment of the Supreme Court, and that it be “ enforced against the defendant ” accordingly.
Having started this action, and before judgment, plaintiff moved at Special Term for an order: (a) directing the defendant to pay $15 a week as fixed by the Probate Court; (b) directing the defendant to pay the arrears due under the Massachusetts order in the sum of $300; (c) directing the defendant to pay counsel fees for prosecuting both this action and this motion; and (d) directing that defendant he punished by the Special Term for contempt for failure to obey the Massachusetts order. The Special Term denied the motion in all respects.
None of the relief sought by the motion has foundation in the New York practice. A direction during the pendency of an action for the payment of money by a husband to a wife for her support and to enable her to prosecute the action is justified only in one of the actions enumerated in section 1169 of the Civil Practice Act. An action to enforce the matrimonial judgment of another State is not one of these. A direction for payment of alimony and counsel fees during the pendency of the action and before judgment would be supported neither by any statute nor by the practice of the court. This is not a matrimonial action.
The provisions of section 1172 of the Civil Practice Act authorize, among other things, the punishment for contempt of the husband for the disobedience of a judgment or order “ in an action # * * for the enforcement in this state of a judgment for divorce, separation, annulment or declaration of nullity of a void marriage rendered in another state ”, directing the payment of money.
*543 But the judgment or order referred to is not the judgment or order entered in the other State but the judgment or order ‘ ‘ in the action ”. This means the action in New York “ for the enforcement ” of the foreign judgment.
Section 1171 deals with the power of the court to require security in an action brought in this State for the enforcement of the matrimonial judgment of another State. It differs from section 1172 in two relevant particulars. It specifies the kind of matrimonial actions thus to be enforced and requires they be founded on grounds admissible in New York; and it expressly shows the granting of judgment in New York must precede any remedy afforded by the sections.
But it has been held in respect of the enforcement of judgments of other States that the two sections must be read together. (Miller v. Miller, 219 App. Div. 61.) Some of the differences in the sections are discussed in Moen v. Thompson (186 Misc. 647, 649-650). The right to this kind of relief in general depends upon whether it would be available under the same facts in New York (Beeck v. Beeck, 211 App. Div. 720), and not only must it await proof on the trial of the action for enforcement (Smith v. Smith, 255 App. Div. 652, 658), but in the end, being also equitable in nature and distinguishable from an action at law to enforce a money judgment (Boissevain v. Boissevain, 252 N. Y. 178, 181), the allowance of the broad remedies flowing from the judgment is discretionary (Smith v. Smith, supra). One question that is triable would be whether the Massachusetts decree was based on a ground recognized in New York for a judicial separation — a fact which does not clearly appear here from the decree itself.
If the judgment of the other State were enforcible by motion without judgment, there would be no need to resort to an “ action ” for enforcement. But the judgment in an action is the means the New York Legislature has provided for enforcement by contempt. No applicable statute or rule of practice permits this ultimate relief to be granted during the pendency of the action. The Massachusetts decree cannot be enforced without the formality of a New York judgment.
The order appealed from should be affirmed, with $10 costs and disbursements.
Foster, P. J., Brewster, Deyo and Santry, JJ., concur.
Order affirmed, with $10 costs and disbursements.