Jasen, J. (dissenting).
Indisputably, the Supreme Court possessed no subject-matter jurisdiction over the instant type of support action prior to the 1962 amendment to section 7 of article VI of the State Constitution. (Langerman v. Langerman, 303 N. Y. 465.) A comparable procedure existed in the New *539 York City Domestic Relations Court Act (§ 137) and the Children’s Court Act (§33) prior to the adoption of the amended Constitution. The case at bar clearly, therefore, cannot be considered a “ new class of action or proceeding ” unknown prior to the 1962 constitutional amendment.
The general jurisdiction of the Supreme Court historically included its common-law jurisdiction plus all causes of action created subsequently except where the Legislature specifically proscribed its jurisdiction. (N. Y. Const., art. VI; Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 166.) The Legislature specifically proscribed the subject-matter jurisdiction of the Supreme Court over the type of support action involved in the instant case prior to the 1962 amendment of article VI by conferring exclusive jurisdiction upon the Domestic Relations and Children’s Courts.
The new amendment provides, ‘‘ If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings (N. Y. Const., art. VI, § 7, subd. c; emphasis supplied.) The clear and unequivocal meaning- of this amendment is to abolish the power of the Legislature to proscribe the jurisdiction of the Supreme Court concerning classes of actions and proceedings created subsequent to the effective date of the amendment. The exclusive jurisdiction possessed by specialized courts prior to the amendment is unaffected. We recently construed this language for the first time in Matter of Seitz v. Drogheo (21 N Y 2d 181), an action to enforce the support provisions of a Mexican divorce decree. Prior to the amendment of section 466 of the Family Court Act (L. 1965, ch. 355, eff. Sept. 1, 1965), the courts of this State were without jurisdiction to enforce or modify the provisions of a foreign matrimonial decree under the facts in Seitz. (Domestic Relations Law, §§ 243, 245; Miller v. Miller, 219 App. Div. 61, affd. 246 N. Y. 636.) In Seitz we found that the Legislature necessarily vested the Supreme Court with concurrent jurisdiction because article VI (§ 7, subd. c) does not allow the vesting of exclusive jurisdiction of a new class of action or proceeding in the Family Court. Seitz is unquestionably correct law because jurisdiction over the class of action involved in that case was conferred upon the courts of this State *540 for the first time in 1965 (L. 1965, ch. 355) subsequent to the effective date of the amendment to section 7 of article VI.
This construction of the effect of the 1962 amendment is confirmed by the fact that article VI (§13, subd. a) established the Family Court and subdivision b of section 13 provided that the proceeding involved in the case at bar be originated in the Family Court in the manner to be provided by the Legislature. It should be noted that article VI (§ 13, subd. b) does not limit or impair the jurisdiction of the Supreme Court because the Supreme Court has never had jurisdiction over this type of action (Langerman v. Langerman, supra). Section 411 of the Family Court Act, implementing the constitutional amendment, confers exclusive jurisdiction over the instant proceeding upon the Family Court.
The Report of the Joint Legislative Committee on Court Reorganization (McKinney’s 1962 Session Laws, pp. 3428-3447) reveals that the Family Court Act represents a carefully considered legislative policy judgment of the best method of dealing with the sensitive problems of family life. The Joint Legislative Committee acknowledged in its report that the proposed Family Court would be controversial because it faced sensitive and delicate areas of life about which reasonable men may differ. However, the structure and powers of the Family Court are properly within the authority of the Legislature, and the Legislature has clearly and unequivocally spoken.
The majority’s strained construction of the amendment to section 7 of article VI of the State Constitution abolishes the exclusive jurisdiction of the Family Court. The majority, in effect, has construed the words “shall create new classes of actions and proceedings ” in section 7 of article VI to mean “ all classes of actions and proceedings whenever created.” (Emphasis supplied.) This construction ignores the plain wording of section 7 of article VI, renders the words “ shall create new ” meaningless, and frustrates clear legislative intent. Worse, this construction includes within the Supreme Court’s general original jurisdiction all non-common-law actions and proceedings which the Legislature conferred exclusively upon other courts prior to the amendment of section 7 of article VI. Presumably, this decision abolishes the exclusive jurisdiction of all specialized courts. Thus this decision spawns the very evil *541 of forum shopping which the Legislature sought to avoid by conferring exclusive jurisdiction upon specialized courts possessing unique capabilities and expertise.
The Legislature possessed the power to increase the general jurisdiction of the Supreme Court to include the instant type case prior to the new amendment. Perhaps some litigants prefer the familiar procedures of the Supreme Court to the more informal proceedings of the Family Court. However, this is clearly a legislative decision requiring policy judgments. The Legislature chose not to strip the Family Court of its exclusive jurisdiction. Recognition of the exclusive jurisdiction of the Family Court is now compelled by article VI (§13, subd. b) of the amended Constitution.
Accordingly, the question certified should be answered in the negative, and the order of Special Term should be reinstated.
Chief Judge Fuld and Judges Bergan and Keating concur with Judge Burke ; Judge Jasen dissents and votes to reverse in a separate opinion in which Judges Scileppi and Breitel concur.
Order affirmed, etc.