MARIE B. SWANTON, Respondent, *v.* JOHN CURLEY, Appellant.

Argued January 21, 1937; decided March 16, 1937.

*Harry A. Gordon* for appellant. The plaintiff ignored the rights of the defendant and the expense of supporting the daughter was incurred by her husband voluntarily without expectancy of reimbursement. No cause of action was proved. (*Burritt* v. *Burritt*, 29 Barb. 124;

*De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Clayburgh* v. *Clayburgh*, 261 N. Y. 464; *Krotosky* v. *Krotosky*, 169 App. Div. 850; *Matter of Hamilton*, 70 App. Div. 73; *Matter of Nutrizio*, 145 Misc. Rep. 626; *Matter of Altmann*, 149 Misc. Rep. 115.) The decree of divorce having made provision for the support of the children, the remedy of the plaintiff was in the divorce suit and not by an independent action. (*People ex rel. Commissioner of Charities* v. *Cullen*, 153 N. Y. 629; *Turner* v. *Woolworth*, 221 N. Y. 425; *Haskell* v. *Haskell*, 201 App. Div. 414; *Laumeier* v. *Laumeier*, 237 N. Y. 357; *Cold Spring L. H. & P. Co.* v. *Selleck*, 256 N. Y. 451; *Rudiger* v. *Coleman*, 228 N. Y. 225; *People ex rel. Strauss* v. *Steindler*, 223 App. Div. 230; *Matter of Altmann*, 149 Misc. Rep. 115.)

*Samuel Gottlieb* for respondent. Plaintiff was not foreclosed by her decree of divorce from maintaining this action. Although the decree specifically charged the defendant with the obligation of supporting the issue of the marriage, it was silent as to the amount to be paid, leaving that to the defendant's discretion. He exercised no discretion and paid nothing. In that situation an original suit might be maintained to recover a reasonable sum for necessaries furnished to the daughter. (*Laumeier* v. *Laumeier*, 237 N. Y. 357; *De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Bennett* v. *Robinson*, 180 Mo. App. 56; *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452; *Spencer* v. *Spencer*, 97 Minn. 56; *Manice* v. *Randolph*, 221 App. Div. 570.) The jury found in accordance with the evidence that the funds expended for the maintenance of the daughter belonged to the plaintiff and came from her separate bank account. (*Ochs* v. *Woods*, 221 N. Y. 335.)

O'BRIEN, J. Plaintiff was formerly the wife of defendant. A son and daughter were the offspring of their marriage, which was dissolved in this State by a decree entered in June, 1920, and custody of the daughter awarded to plaintiff. That judgment ordered that " at all times the defendant shall properly maintain, educate

and support the said children, the amount necessary for that purpose being left to the discretion of the defendant." This language is taken verbatim from an agreement between the parties in February, 1920, shortly after the institution of plaintiff's action for divorce.

In September, 1920, plaintiff married Hobart Swanton and, during the succeeding ten years, the daughter lived with them. She assumed the name of her stepfather and he supported her. This action was instituted in November, 1931. The complaint alleges the entry of the decree of June, 1920, quoting its terms in respect to the defendant's obligation to support both children, his failure properly to provide for the daughter's maintenance, pursuant to the decree, and expenditures by plaintiff for such purpose in the sum of $20,000. A verdict for $6,000, which includes only those expenditures during the period of six years prior to the institution of this action, was rendered for plaintiff.

Defendant argues that plaintiff's sole remedy was in the divorce action and not by an independent action at law. He urges that plaintiff must move to modify the decree so as to fix a definite sum, and relies upon *People ex rel. Commissioners* v. *Cullen* (153 N. Y. 629, 636) and *Turner* v. *Woolworth* (221 N. Y. 425). If plaintiff has any remedy, she need not be relegated to those provided by section 1170 *et seq.* of the Civil Practice Act. The *Cullen* case is not in point. That defendant had been separated from his wife by virtue of a decree of separation and many years later was convicted as a disorderly person, as one who abandoned his wife, and he was directed to pay a weekly sum for her support. This court held that he had not abandoned his wife and, in view of the particular provisions of the decree of separation, he was not bound to support her " in the manner contemplated by the marriage contract and enjoined by the common law," but only in accordance with the provisions of the decree. The judgment in the separation action had made no allowance for the wife's maintenance, but it did include a

direction that, in the event of a change in the husband's pecuniary circumstances, an application for the wife's maintenance might be made at the foot of the judgment for a modification in respect to her support. The circumstances here are entirely different. Defendant was ordered by the decree to support his daughter, " the amount necessary for that purpose being left to the discretion of the defendant." His discretion could not be arbitrarily exercised. It must be reasonable. The decree can be interpreted only as an order to defendant to expend a reasonable sum. Both parties had agreed upon the terms of the decree and neither has evinced dissatisfaction with them. Modification for the purpose of fixing a definite sum is wholly unnecessary. Plaintiff's theory is that defendant is in arrears in the payment of a judgment, the terms of which are satisfactory, and her purpose is to compel compliance with it to the extent of exacting payment which, pursuant to its provisions, she alleges to be due. The action is to collect a reasonable sum, and the decree does not exact compliance with more. Although most of the actions of a nature similar to the present one are actions brought to enforce maintenance of wife or child where the divorce has been obtained in foreign States and no provision in the decree has been made for maintenance and support (*Laumeier* v. *Laumeier*, 237 N. Y. 357; *Miller* v. *Miller*, 246 N. Y. 636), there seems to be no rule which, in the event of a divorce in this State and an award for alimony or for maintenance of a child, would limit the remedy to a modification of the divorce decree or a proceeding for contempt. In *Turner* v. *Woolworth* (221 N. Y. 425, 430) a wife had procured in this State a judgment for separation and back alimony. " The husband would not pay, and the wife was destitute. Her lawyer came to her rescue and, upon her promise of a lien, supplied money for her support." In an action for services rendered and money loaned, the assignee of the wife's attorney recovered for the advances made to support the wife. That action was

maintainable, and we held that, to the extent of his advances, the attorney was subrogated to the remedy against the husband.

The rule is that an action brought by a divorced wife against her former husband to recover money spent for their child's maintenance is brought for the benefit of the child (*Laumeier* v. *Laumeier*, 237 N. Y. 357, 364), but when a child has been adequately supported by one who maintained it without expectation of reimbursement, certainly a third party, even though she be the mother, can have no standing in an action brought by her. That the expense of the maintenance of the daughter of this plaintiff and defendant was discharged by plaintiff's husband and not by her is abundantly proved. Mr. Swanton allowed his wife $1,500 a month for the support of the household, and out of this contribution plaintiff paid her daughter's expenses. There is no evidence that she possessed a separate estate. In July, 1931, she wrote to defendant that " eleven years of Mr. Swanton's charity is enough, how can either of us keep any self respect by asking more from that quarter?" In view of her acquiescence for eleven years in defendant's omission and of the fact that their daughter was voluntarily maintained by the stepfather and not by plaintiff, no right of plaintiff to this judgment is apparent. Neither is there any evidence of default by defendant in obeying the terms of the divorce decree, which provides that the amount necessary for the support of the daughter shall be left to his discretion. Since the stepfather gratuitously and without any evidence of expected reimbursement supported the child who had assumed his name, defendant was not bound to exercise discretion to the extent of offering additional support when it was already provided and no one asked him for it.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Judgments reversed, etc.