SMITH CHEMICAL & COLOR CO., INC., Appellant, v. NAVIGAZIONE LIBERA TRIESTINA, S. A., and Others, Defendants; UNITED STATES TRUCKING CORP., Respondent.— The order appealed from vacated and set aside orders opening plaintiff's default and vacating a judgment had against it on condition that plaintiff pay twenty dollars costs, and it also directed a reinstatement of the judgment. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

DIANA STARR, Respondent, v. BENJAMIN KALFUS, Appellant.— Order, in so far as it strikes out affirmative defenses from amended answer, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Davis and Adel, JJ., concur; Hagarty, J., concurs for affirmance with the following memorandum: In the absence of a showing to the contrary by appellant, the judgment made in the State of Nevada is final and is entitled to full faith and credit in this State to the end that it be considered as valid and binding here as it is considered in the State in which the judgment was made. (*Sistare* v. *Sistare*, 218 U. S. 1; *Tiedemann* v. *Tiedemann*, 172 App. Div. 819; affd., without opinion, 225 N. Y. 709; writ of error dismissed, 251 U. S. 536; *Van Horn* v. *Van Horn*, 196 App. Div. 472.) While the first defense, to the effect that plaintiff assumed the defendant's obligation and maintained the child for a consideration and without expectation of reimbursement, might be deemed sufficient if the judgment had been made in this State (*Swanton* v. *Curley*, 273 N. Y. 325), the conclusiveness of the judgment under which the sums due have accrued must be weighed in the light of the law of the State of Nevada and of the rulings and decisions of its courts, to which factor no reference is made in the answer. Taylor, J., concurs with Hagarty, J.

THOMAS TESTA, an Infant, by SALVATORE TESTA, His Guardian ad Litem, and SALVATORE TESTA, Respondents, v. ARMOUR & CO., Appellant.— At the close of the plaintiffs' case at a trial before the court and a jury, the court of its own motion dismissed the plaintiffs' complaint. Thereafter, judgment was entered dismissing the complaint on the merits. (Civ. Prac. Act, § 482.) Upon motion of the plaintiffs, the court modified the judgment by providing that the dismissal was without prejudice, and an order was entered accordingly. The defendant appeals. Order, in so far as it grants plaintiffs' motion to amend the decision and judgment, reversed on the law and the facts, without costs, and motion denied, without costs. Nothing in this record indicates that the trial court, when it first acted, intended that the dismissal should be without prejudice. In such circumstances, the trial court was without power to review its own decision and judgment. (*Cabang* v. *United States Shipping Board Merchant Fleet Corp.*, 227 App. Div. 751.) Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.