EMMA CROOKS SMITH, Appellant, *v.* WILLIAM ALOYSIUS SMITH, Respondent.

Second Department, January 9, 1939.

*Edward Garfield* [*Robert H. Wrubel* and *Herbert B. Lazarus* with him on the brief], for the appellant.

*Aaron Simmons* [*E. Jacob Storck* with him on the brief], for the respondent.

DAVIS, J. The plaintiff brought this action to recover arrears unpaid on a judgment for divorce granted by the Court of Chancery of New Jersey (entered *nisi* May 21, 1927; final decree August 22, 1927), which provided, among other things, that the husband should pay ten dollars each week for the support of his infant son, whose custody was awarded to the wife. This judgment has never been modified. The defendant is a resident of this State.

The parties were married in France on September 17, 1918. After the war they returned to this country and made their home in Yonkers, N. Y., where the child was born. Later they moved into New Jersey, and it was there that the husband brought a suit against his wife for divorce. The decree granted the divorce, gave the custody of the child to the wife, provided for the right of visitation by the father and for support of the child by him.

Shortly after the decree was granted the wife returned to the home of her parents in France, taking with her the child, although the decree and the statutes of New Jersey provided that the child should not be removed from the jurisdiction of that State without the consent of the father or the court. She has resided in France since that time. During the brief period that the plaintiff remained in New Jersey the defendant paid the weekly sum for the support of the child and made some visitations to him. Since the departure of the plaintiff he has paid nothing, and about $7,000, in arrears and interest, has accumulated, which is the subject of this suit.

The remedy that plaintiff seeks is to recover the sum now due and, in addition, to secure and enforce the payments which will accrue in the future, under the provisions of sections 1171 and 1172 of the Civil Practice Act.

After issue had been joined, the defendant moved for leave to serve an amended answer, to allege in effect that the New Jersey decree was not unalterable and did not constitute a final judgment, to which full faith and credit must be given by the courts of this State under the provisions of section 1 of article 4 of the Constitution of the United States. The motion was granted, and on appeal to this court the order was affirmed. Unnecessarily, it was said in the memorandum decision that this was a valid defense and that the New Jersey decree, in so far as it provided for the support of a wife or child, was not final. (249 App. Div. 660.) At that time the plaintiff's counsel admitted in his brief that the judgment was not final, but stated that he was seeking his remedy under the provisions of the sections of the Civil Practice Act above cited. His attitude changed on the trial, but the learned official referee justifiably followed what had been said by this court on the former appeal and held that the judgment was not final. The question now is directly raised and must be considered on this appeal.

The majority of the court now believe, on furthur study, that the judgment is final. At the time of the former appeal the courts of New Jersey had not passed on the question as to whether a judgment in such case might be revised or amended retroactively. Since that time decisions in the lower courts of that State have held that no such power resides in the courts.

On principle, a judgment for alimony or support of a child, sought to be enforced in another State, is considered a " debt of record, until the decree has been recalled, as any other judgment for money is " (Barber v. Barber, 62 U. S. [21 How.] 582, 595); and as to the amount accrued, " the courts of this State should give it full credit and effect." (Lynde v. Lynde, 162 N. Y. 405, 417; affd., 181 U. S. 183.) It was held in the case last cited that the judgment would be enforcible only by execution, and that as to future payments which remained subject to the discretion of the Chancellor, no remedy could be afforded. That decision was made prior to the amendment, in 1904, of the statute (Code Civ. Proc. §§ 1772, 1773) giving other remedies, now found, with some changes, in sections 1171 and 1172 of the Civil Practice Act.

The question of the finality of such a decree in a matrimonial action reached the United States Supreme Court again in Sistare v. Sistare (218 U. S. 1), where the husband had failed to pay anything for the support of his child as the judgment rendered in this State required. He was sued in the courts of Connecticut, and it was there held that the judgment was not final. (80 Conn. 1; 66 A. 772.) That judgment was reversed on appeal to the United

States Supreme Court, which reconsidered the *Barber* and *Lynde* cases. It was said (pp. 16, 17): " First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, * * *. Second, That this general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

The court then considered the power of a State court to modify a decree under its statute, and, after stating the New York statute on the subject, said (p. 22): " But it is equally certain that nothing in this language expressly gives power to revoke or modify an installment of alimony which had accrued prior to the making of an application to vary or modify, and every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it." (See, also, *Yarborough* v. *Yarborough*, 290 U. S. 202; 2 Beale, Conflict of Laws, pp. 1392, 1393.)

In respect to the statutes of different States in relation to this power to modify a decree retroactively, there is variance, but it is safe to say that in general the right to modify, as in this State, pertains to the future where changed conditions warrant such modification, rather than to a power to disturb the finality of the original decree, unless some reservation is made in the decree itself. (See *Rowe* v. *Rowe*, 76 Ore. 491; 149 P. 533; *Levine* v. *Levine*, 95 Ore. 94; 187 P. 609; S. C., 121 Ore. 44; 252 P. 972; *Mayer* v. *Mayer*, 154 Mich. 386; 117 N. W. 890; *Bentley* v. *Calabrese*, 155 Misc. 843; *Tiedemann* v. *Tiedemann*, 172 App. Div. 819; affd., 225 N. Y. 709; writ of error dismissed, 251 U. S. 536; *Cowles* v. *Cowles*, 203 App. Div. 405; appeal dismissed, 235 N. Y. 559; *Cowles* v. *Cowles*, 80 N. H. 530; 120 A. 76; *Gould* v. *Gibson*, 180 Mo. App. 477; 166 S. W. 648.)

The New Jersey statute (N. J. P. L. 1907, p. 481, § 25) provides: " Pending a suit for divorce or nullity, or after decree of divorce, it shall be lawful for the Court of Chancery to make such order touching the alimony of the wife, and also touching the care, cus-

tody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just, * * * orders so made may be revised and altered by the court from time to time as circumstances may require."

Obviously, this statute looks to future modification, as does our own statute, similar in its terms. (Civ. Prac. Act, § 1170.) At no time prior to our former decision had the courts of New Jersey in any reported case passed directly upon the subject of the finality of the original decree in respect to support and maintenance, although in at least one case the subject was considered but left undecided. (Warren v. Warren, 92 N. J. Eq. 334; 112 A. 729.) Since the former decision in this case there have been decisions of the lower courts to the effect that there is a vested right to past due installments for maintenance. (Hatch v. Hatch, 15 N. J. Misc. 461; 192 A. 241; Poeter v. Poeter, 15 N. J. Misc. 691; 194 A. 792; Flavell v. Flavell, 15 N. J. Misc. 167; 189 A. 639; Stewart v. White, 15 N. J. Misc. 542; 192 A. 839.) These decisions, while not compelling, " must be deemed persuasive." (Kettel v. Erie Railroad Co., 176 App. Div. 430, 432; affd., 225 N. Y. 727.) The view that the New Jersey statute has no retroactive effect is supported by the rule laid down in the Sistare case (supra) that " every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it." Therefore, I reach the conclusion that the judgment, in so far as it dealt with sums unpaid, was final.

Other questions remain to be considered. What defenses may legally be interposed against the collection of this judgment? There is some confusion in the authorities as to whether this type of action is legal or equitable. (See Moore v. Moore, 143 App. Div. 428; affd., 208 N. Y. 97. Cf. Beeck v. Beeck, 211 App. Div. 720; Miller v. Miller, 219 id. 61; Boissevain v. Boissevain, 252 N. Y. 178, 182.) The judgment stands as one to which full faith and credit must be given. It constitutes a debt against which no defense originally available to defendant is now valid, but that does not deprive the defendant of defenses, either legal or equitable, arising since the rendering of the judgment. A legal defense would be subsequent payment, either by the judgment debtor or by a volunteer. Naturally, this defense would be raised by the answer. If this action had been brought by the plaintiff in her own interest for alimony awarded to her, the equitable defense that she had acted in defiance of the decree or the laws of the State and deprived the husband of the right of visitation to his child might be considered; but she is

not seeking payment for herself, but for the child, and the provision for his support was not made conditional on the father's right of visitation. As was said by CRANE, J., in *Laumeier* v. *Laumeier* (237 N. Y. 357, 364): "The husband did not divorce his child, or dissolve his liabilities to it. And what are those rights? The child is entitled to the support and maintenance by its father." (See, also, *Schweig* v. *Schweig, No. 2*, 122 App. Div. 787; *Dube* v. *Dube*, 230 id. 494; *Altschuler* v. *Altschuler*, 246 id. 779; S. C., 248 id. 768; *Silkworth* v. *Silkworth*, 255 id. 226.)

The same rule apparently is applied in New Jersey where the child has been removed from the jurisdiction in violation of the statute and of the decree, and the husband has refused to pay for the support of the child on that ground. (*Feinberg* v. *Feinberg*, 72 N. J. Eq. 810; 66 A. 610.)

Therefore, the defense that the plaintiff had violated the New Jersey decree in respect to visitation is not available to the defendant here to defeat the right of the child to support by the father, in view of the fact that the decree in respect to payment was not made conditional on such right of visitation.

As already stated, this judgment is a debt. In terms it provided weekly payments for the support and maintenance of the child. If such support has been provided either by plaintiff or by a volunteer who acted without expectation or claim of reimbursement, the debt is paid. (*Swanton* v. *Curley*, 273 N. Y. 325; *Silkworth* v. *Silkworth, supra.*) It is not uncommon for a wealthy divorced wife or her parents to assume the duty of supporting children instead of imposing the obligation on a husband and father of limited means. The obligation of the father to support his child always exists, but is measured in this case in definite terms by the judgment. The payment by another without expectation of reimbursement would satisfy the obligation. Neither the wife nor the child would be aggrieved if, though the father were recreant, support and maintenance had been supplied. In case of a judgment, no longer would there be a "debt." (*Brill* v. *Brill*, 148 App. Div. 63; *Barrett* v. *Barrett*, 221 id. 710.)

For ten years the plaintiff made no move to collect any sums due for the support of her child and left defendant in apparent peace and security. It appears in the record that she lived with her parents in Calais, France, and was at certain periods gainfully employed. The record does not disclose, with any degree of certainty, whether her parents possess property or whether protests against non-payment or demands for payment were made either by plaintiff or her parents. In other words, the record does not

indicate whether dependence on the father's support was voluntarily abandoned, or whether support was given with expectation of reimbursement. An attempt was made to offer some evidence on this subject, but it was excluded. The plaintiff did not appear on the trial, but her deposition, taken in France, was read. If such support was rendered to the child by any one without claim or demand for reimbursement, I think that the plaintiff is not entitled to recover, for in such case the purpose of the judgment would be defeated and the plaintiff would be unjustly enriched, if permitted to recover for something already rendered voluntarily by another. The question is not whether the husband has failed in his duty to pay for support as directed, but whether the child has been deprived of maintenance and education. However, the wife is entitled to show that such payments were not made voluntarily, and notice thereof was given and demands for reimbursement were made.

In view of this state of facts the judgment must be reversed and a new trial granted so that this material issue may be tried.

Another defense interposed was that of the Statute of Limitations. As the record stands it is unavailing to defendant. (Civ. Prac. Act, § 44.)

The plaintiff seeks the remedies in the form of sequestration, contempt, receivership, and the like, given in such action by the provisions of sections 1171 and 1172 of the Civil Practice Act. These remedies, provided by reciprocal statutes, have for their purpose the prevention of escape of liability by a delinquent husband and father by his departing from the State where the decree was granted and where it would ordinarily be enforced. Such remedies are in large measure discretionary. As to future payments, the judgment is subject to modification by the New Jersey court. The question of relief in these respects must await proof on the trial.

It follows that the judgment should be reversed and a new trial granted, with costs to abide the event.

For the purpose of a new trial all findings of fact should be reversed and the conclusions of law disapproved.

TAYLOR and CLOSE, JJ., concur; HAGARTY, J., dissents in part and writes for reversal and to grant judgment to plaintiff for the accrued installments, together with interest; JOHNSTON, J., dissents and writes for affirmance.

HAGARTY, J. (dissenting). I am in agreement with the views expressed by Mr. Justice DAVIS in his opinion for the majority of this court to the effect that the judgment of the Court of Chan-

cery of the State of New Jersey is final and, as such, entitled to the accordance of full faith and credit by the courts of this State, and that the defense that such judgment was not final was not sustained by competent proof. The right to money ordered to be paid for the support of the child by the judgment became absolute and vested when the installments fell due, and that right must be accorded full faith and credit pursuant to the final decree of a sister State. (*Sistare* v. *Sistare*, 218 U. S. 1.)

My opinion is that the plaintiff is entitled to judgment representing the accrued and unpaid installments, with interest, since no issue remains. I am unable to reconcile the conclusion that the courts of this State may withhold judgment on the basis of the suggested defense, the sufficiency of which is to be determined by the law of this State rather than the law of the State of New Jersey, with the premise that the judgment is final and must be accorded full faith and credit. (U. S. Const. art. 4, § 1.)

Not only is a final judgment of a sister State entitled to full faith and credit pursuant to the constitutional clause, but records and proceedings of another State, properly authenticated, " shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." (U. S. Code, tit. 28, § 687; *Milwaukee County* v. *White Co.*, 296 U. S. 268, 273.) We must, therefore, accord the judgment of a sister State such faith and credit as is accorded by law or usage, not of the courts of our State, but of the State in which it was rendered. Such judgment has the " same binding force that it has in the State in which it was originally given." (See *Sistare* v. *Sistare*, *supra*, p. 13, quoting from *Barber* v. *Barber*, 62 U. S. [21 How.] 582.) A judgment of one State must be accorded full faith and credit by another, even if that judgment is founded upon an erroneous interpretation of the law of the latter, and only such defenses as would be good to a suit thereon in the State in which such judgment was rendered can be relied on in the courts of any other State. (*Fauntleroy* v. *Lum*, 210 U. S. 230; *Roche* v. *McDonald*, 275 id. 449.)

To this action for judgment upon a final judgment of a sister State to recover vested sums of money, it is suggested in the prevailing opinion that a valid defense thereto would be that support of the child has been undertaken by others without expectation of reimbursement and, indeed, that under the facts of this case, the burden is upon plaintiff, in whom the right to such sums has vested, nevertheless, " to show that such payments were not made voluntarily, and notice thereof was given and demands for reimbursement were made." This doctrine is enunciated without

regard to whether or not such a defense would be recognized as sufficient by law or usage in the courts of the State of New Jersey. It seems obvious that if the judgment on which this action is predicated were subject to such defense it would not be a final judgment, which we are holding it to be. In *Starr* v. *Kalfus* (255 App. Div. 998) a defense to an action for a money judgment upon sums which had accrued under a decree made in the State of Nevada was similar in all respects, so far as I can determine, to that here proposed. The defense was that, for a valid consideration, plaintiff wife promised to support the child out of her own funds and to discharge defendant from liability. We held, unanimously, that the defense was insufficient in the light of the fact that there was no dispute as to the finality of the decree.

I do not believe that such a defense would be deemed sufficient even if the judgment under which the installments accrued had been made here. In *Swanton* v. *Curley* (273 N. Y. 325), relied on by the majority, the judgment was rendered in this State and did not provide for payment of a specific sum by the husband, but endowed him with discretion as to amounts necessary for the support of a child of the marriage. The holding there simply is that " Since the stepfather gratuitously and without any evidence of expected reimbursement supported the child who had assumed his name, defendant was not bound to exercise discretion to the extent of offering additional support when it was already provided and no one asked him for it."

Despite the fact that we are compelled to grant a money judgment for sums of money which have accrued under a decree of a sister State, the defense suggested goes back of the decree to analyze the cause of action upon which it was predicated. But in *Milwaukee County* v. *White Co.* (296 U. S. 268, 275) Mr. Justice STONE writes: " A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty."

Here, our inquiry is limited to whether or not accrued sums have been paid. Payment discharges the obligation. By asserting payment a defendant claims that the obligation no longer exists. But here it is admitted that the accrued sums are unpaid. The defense in question, although likened to payment, actually and essentially is a claim of waiver.

In examining the nature of the claim in the light of events subsequent to the rendering of the judgment, and in permitting a defense predicated on such events to be interposed, irrespective of the sufficiency of such defense in the State of New Jersey, the fundamental purpose for which the full faith and credit clause was enacted is violated, namely, " to alter the status of the several States as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the State of its origin." (*Milwaukee County* v. *White Co., supra,* pp. 276, 277.)

In a word, the decree of the State of New Jersey finally adjudicated that plaintiff was entitled to sums of money, and we may not refuse to abide by that adjudication and seek to inquire further.

In so far as a money judgment for the accrued sums is concerned, it is clear that the action is one at law. (*Boissevain* v. *Boissevain,* 252 N. Y. 178; *Miller* v. *Miller,* 219 App. Div. 61; *Beeck* v. *Beeck,* 211 id. 720.) Where an action is brought upon a judgment of a sister State and the remedies provided by section 1171 of the Civil Practice Act (derived from section 1772 of the Code of Civil Procedure) are sought, particularly when the general equitable powers of the court are also invoked, the action is maintainable on the equitable side. (*Moore* v. *Moore,* 143 App. Div. 428; affd., 208 N. Y. 97.) In the present case plaintiff seeks both a money judgment and the remedies provided by section 1171 of the Civil Practice Act. She is entitled to the former but not to the latter. When a court of equity has obtained jurisdiction of a cause it will retain control of the cause generally and award complete relief even though such relief be limited to a money judgment. (*Jamaica Savings Bank* v. *M. S. Investing Co.,* 274 N. Y. 215, 220.) So far as an action is at law it is subject to legal and not equitable defenses. (*Potter* v. *Walker,* 276 N. Y. 15; *Keys* v. *Leopold,* 241 id. 189.) Even if this action is, therefore, deemed to have been brought on the equity side of the court, that fact does not affect the right of plaintiff to a money judgment for the accrued sums.

The foregoing views are consistent with the uniform authority of this State. (*Tiedemann* v. *Tiedemann,* 172 App. Div. 819; affd., without opinion, 225 N. Y. 709; writ of error dismissed, 251 U. S. 536; *Van Horn* v. *Van Horn,* 196 App. Div. 472; *Stewart* v. *Stewart,* 198 id. 337; *Goldberg* v. *Mayer,* 243 id. 477; affd., without opinion, 270 N. Y. 660.)

A money judgment constitutes compliance with the constitutional mandate. Such compliance does not necessarily include the

extraordinary or equitable remedies provided by section 1171 of the Civil Practice Act, the application of which remedies is subject to discretion by the court. Plaintiff's conduct in taking the child from the State of New Jersey in violation of the statute of that State and without the knowledge or consent of the defendant, and the length of time which elapsed before she sought relief, may be urged in opposition to any application that may be made by the plaintiff for such extraordinary remedies.

Practically all the questions involved on this appeal were considered in *Beeck* v. *Beeck* (211 App. Div. 720). There plaintiff wife, who had procured a judgment for divorce in the State of Rhode Island on the ground of extreme cruelty, brought an action to recover a money judgment for alimony that had accrued, and also sought the remedies provided by the statute. So far as the action was concerned with a money judgment for accrued alimony, MERRELL, J., writing for a unanimous court, stated ⌐(p. 721): " The law is well settled that an action can be brought in this State upon a judgment of this nature and a money judgment procured for alimony. Such a judgment, when obtained, can be enforced in accordance with our laws applicable thereto." In so far as the remedies provided for pursuant to the statute were concerned, it was pointed out that the matter rested in discretion.

The judgment dismissing the complaint should be reversed and judgment granted plaintiff for the accrued installments, together with interest.

JOHNSTON, J. (dissenting). I dissent from the decision about to be made. Concededly the interlocutory decree entered in the Chancery Court of New Jersey on May 21, 1927, which became absolute on August 22, 1927, provided for future payments alone. Such a decree, being subject to modification as to amount by the court rendering it, is not, even as to installments which have accrued before the institution of an action in another State to enforce it, a final judgment entitled to full faith and credit under section 1 of article 4 of the Federal Constitution. (*Lynde* v. *Lynde*, 41 App. Div. 280; affd., 162 N. Y. 405; affd., 181 U. S. 183.) It is well settled that if in the decree there is a reservation of power to modify or a statute permits the court to act retroactively the judgment is not final. In the *Lynde* case (*supra*) a New Jersey decree awarded a lump sum — $8,840 — for arrears in alimony and counsel fee and also provided for future alimony at the rate of $80 a week. It was held as to the $8,840 the decree was for a definite, fixed sum, and as a debt of record the courts of this State should give it full credit and effect. But it also was held that the pro-

vision for future alimony was not a final judgment for a fixed sum because it " was subject to the discretion of the Court of Chancery of New Jersey, which might at any time alter it."

At the time the *Lynde* case was decided, in fact, from December 2, 1794 (Paterson's Laws of 1794, § VII, p. 144, and supplement thereto passed in 1795), down to the present time, New Jersey always has had a statute dealing with the subject. The Chancellor who made the decree in the *Lynde* case in his opinion quoted from the statute and, concerning it, said: it " exhibits an intention that the subject shall be continuously dealt with according to the varying conditions and circumstances of the parties." (*Lynde* v. *Lynde*, 54 N. J. Eq. 473; 35 A. 641; affd., 55 N. J. Eq. 591; 39 A. 1114.) It was because of the New Jersey statute in existence at the time the decree was made that the Chancellor, the Court of Errors and Appeals, this court, our Court of Appeals and the United States Supreme Court all held that the decree in so far as it made provision for future alimony was not a final judgment.

If the statute then in force was sufficient to give the court discretion to modify and alter the decree retroactively, surely the present statute is sufficient. The former statute provided: " When a divorce shall be decreed, it shall and may be lawful for the court of chancery to take such order touching the alimony and maintenance of the wife, and also touching the care and maintenance of the children, or any of them, by the said husband, as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just." The present statute provides that a court may do so not only " Pending a suit for divorce " but " after decree of divorce." Moreover, the present statute expressly provides, as the former did not, that " orders so made may be revised and altered by the court from time to time as circumstances may require."

It is true, as stated in the prevailing opinion, that the *Lynde* case was decided prior to the amendment in 1904 of our statute (Code Civ. Proc. §§ 1772, 1773; now Civ. Prac. Act, §§ 1171, 1172). That statute, however, merely afforded additional remedies for enforcement of a judgment rendered in another State. It did not make a judgment final which theretofore had not been final.

*Sistare* v. *Sistare* (218 U. S. 1), relied upon by the majority, neither overrules nor qualifies the rule enunciated in the *Lynde* case. (*Yarborough* v. *Yarborough*, 290 U. S. 202, 212; *Hanson* v. *Loomis*, 18 F. Supp. 527; note 28 L. R. A. [N. S.] p. 1068.) All the court decided in the *Sistare* case (*supra*) was that the full faith and credit clause applies to an unalterable decree of alimony for a

divorced wife. In fact, Mr. Justice STONE, in his dissenting opinion in *Yarborough* v. *Yarborough* (*supra*), said: " The court was careful to distinguish the [*Sistare*] case from one where the suit was brought to compel the payment of alimony in the future, see p. 16, compare *Lynde* v. *Lynde* (181 U. S. 183, 187)."

As I read the *Sistare* case (*supra*) it reiterates the general rule for which *Barber* v. *Barber* (62 U. S. [21 How.] 582) is authority and also sets forth the exception to the general rule for which the *Lynde* case is authority. The general rule does not apply where by the law of the State " in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree." In other words, if the statute clothes the court with discretion to alter the decree so no vested right attaches to the installments to be paid even though no application to " modify the decree in respect to alimony had been made prior to the installments becoming due," the general rule does not obtain and the full faith and credit clause does not apply. If, however, the decree is unalterable the general rule does obtain and the full faith and credit clause does apply.

It is true that Mr. Justice WHITE, who wrote for the court in the *Sistare* case, in speaking of the court's power to modify its decree, said: " Every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it." But, as I have heretofore shown, the present New Jersey statute expressly grants such power. It should also be borne in mind that in the *Sistare* case the court was considering the finality of a New York judgment as to past-due installments for future alimony under the law of New York. Here we are considering the same proposition concerning a New Jersey judgment under the law of New Jersey.

I am not unmindful that recently there have been decisions in the lower courts of New Jersey holding that there is a vested right to past due installments for maintenance. (*Hatch* v. *Hatch*, 15 N. J. Misc. 461; 192 A. 241; *Poeter* v. *Poeter*, 15 N.-J. Misc. 691; 194 A. 792; *Flavell* v. *Flavell*, 15 N. J. Misc. 167; 189 A. 639; *Stewart* v. *White*, 15 N. J. Misc. 542; 192 A. 839.) The first three cases cited were decided by advisory masters who relied upon the opinion of the advisory master in *Spahn* v. *Spahn* (an unreported case decided in 1933), and the latter assumed, erroneously, I believe, that the *Lynde* case was overruled by the *Sistare* case. The fourth case was decided by a Circuit Court judge who relied upon the opinion of the advisory master in *Hatch* v. *Hatch* (*supra*). I am unwilling to follow the decisions in these cases until some compelling authority

rejects the principle laid down in the *Lynde* case, particularly as the United States Supreme Court was at pains to point out that that principle was not impaired by its holding in the *Sistare* case.

The New Jersey decree not being a final judgment, no action may be brought on it in the courts of this State.

The judgment dismissing the complaint should be affirmed.

Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. For the purpose of a new trial all findings of fact are reversed and the conclusions of law disapproved.