357 P.2d 189

Lois Fullmer Bray SMITH, Plaintiff and Respondent,

v.

Lynn W. BRAY, Defendant and Appellant.

No. 9253.

Supreme Court of Utah.

Nov. 29, 1960.

Howard & Lewis, Provo, for appellant.

Heber Grant Ivins, American Fork, for respondent.

WADE, Justice.

Lynn W. Bray appeals from a judgment granting delinquent support money payments for a period of eight years to Lois Fullmer Bray Smith, respondent herein.

Viewed in the light most favorable to respondent, the record discloses that she procured a divorce from Lynn W. Bray in February, 1945, wherein she was awarded $60 a month support money for their two minor children. Mr. Bray failed to make these payments from 1947 until February, 1959, when he paid $30 in response to a demand from respondent's attorney. Respondent having remarried in 1946 took no positive action to collect these payments, though she indicated to Mr. Bray on some few occasions when she saw him that she would appreciate some financial assistance for his children. These children have been going under the name of her second husband since respondent's remarriage but have not been adopted by him. Appellant testified that he was requested to stay away and he was led to believe that they did not want anything from him.

Appellant contends the facts in this case are similar to those in Larsen v. Larsen,[1] and the court therefore erred in failing to find respondent guilty of laches in the enforcement of her rights. There is no merit to this contention. In the Larsen v. Larsen case this court merely said that a finding of certain facts from the evidence in that case would justify a holding that there was laches or equitable estoppel and sent the case back for findings of fact by the court. In the instant case the evidence amply supports the court's finding that there is no laches or equitable estoppel.

Affirmed. Costs to respondent.

CROCKETT, C. J., and McDONOUGH, J., concur.

HENRIOD, Justice (concurring in the result).

I concur in the result but have considerable difficulty in squaring this case with Larsen v. Larsen.[1] Comparing the facts there with those here and suggesting that an application of the principles therein stated could bring about different results in the two cases, in my opinion, represents a flight from consistency.

CALLISTER, J., concurs with the opinion of Mr. Justice HENRIOD.

1.  5 Utah 2d 224, 300 P.2d 596.