Henry A. Hudson, J.
The defendant seeks a judgment pursuant to section 1171-b of the Civil Practice Act for some $1,840 stated to be in arrears in the support payments ordered by the decree of divorce granted the plaintiff by Hon. Frank Del Yeochio, on November 13,1956.
The plaintiff made payments as required by the decree until June 6, 1959. At that time the defendant, who had remarried, moved to Florida taking the child with her. The plaintiff had been granted reasonable rights of visitation by the divorce decree. He had availed himself of such right. Upon learning of the defendant’s intention to go to Florida, the plaintiff, through his attorney, advised his wife that if he were to lose his visitation rights, he would not pay support for the child.
While the plaintiff had no right to make such a decision without the approval of the court, the defendant at least was aware of the possibility. Either party could have applied to the court for a modification of the decree to protect their respective positions in advance of a violation but neither did so. In order to protect both his right of visitation (the decree contained no limitation on the right of removal of the child from the State except by inference through possible loss of visitation rights) *438 and his obligation to pay support, the plaintiff should have applied to the court for such modification of the decree. (Sterns v. Stevans, 11 A D 2d 726; Leifer v. Leifer, 2 A D 2d 898; Schreck v. Schreck, 283 App. Div. 967.) Without such a modification of the original decree, the removal of a child from New York State, thereby preventing the enjoyment of the rights of visitation granted by the decree, is not an absolute defense to an application under section 1171-b for judgment as long as the payment of support was not conditioned on the visitation rights. Smith v. Smith (255 App. Div. 652, 657), wherein the court stated: “ Therefore, the defense that the plaintiff had violated the New Jersey decree in respect to visitation is not available to the defendant here to defeat the right of the child to support by the father, in view of the fact that the decree in respect to payment was not made conditional on such right of visitation.” (Altschuler v. Altschuler, 246 App. Div. 779; Dube v. Dube, 230 App. Div. 494.)
The right of the defendant to recover a judgment and the amount thereof is discretionary with the court and can under proper circumstances be limited according to the facts of the particular case. The court may fix an amount less than the amount of arrears if he feels the circumstances justify his doing so. (Civ. Prac. Act, § 1171-b.)
‘ ‘ As already stated, this judgment is a debt. In terms it provided weekly payments for the support and maintenance of the child. If such support has been provided either by plaintiff or by a volunteer who acted without expectation or claim of reimbursement, the debt is paid. (Swanton v. Curley, 273 N. Y. 325; Silkworth v. Silkworth [225 App. Div. 226].) It is not uncommon for a wealthy divorced wife or her parents to assume the duty of supporting children instead of imposing the obligation on a husband and father of limited means. The obligation of the father to support his child always exists, but is measured in this case in definite terms by the judgment. The payment by another without expectation of reimbursement would satisfy the obligation. Neither the wife nor the child would be aggrieved if, though the father were recreant, support and maintenance had been supplied. In case of a judgment, no longer would there be a ‘ debt.’ (Brill v. Brill, 148 App. Div. 63; Barrett v. Barrett, 221 id 710.) ” (Smith v. Smith, supra, p. 657; Gould v. Gould, 206 Misc. 546; Bogert v. Watts, 32 N. Y. S. 2d 750; Turner v. Turner, 17 Misc 2d 50.)
The difficulty with the present case is that the moving papers do not set forth any facts from which the court can determine, as a matter of discretion, whether the defendant should be *439 granted relief. She was forbidden the right to remarry under the decree and although she was defendant, and, therefore, not entitled to custody of her children, she was granted such custody presumably because of their tender age, which so often makes such custody necessary. For this reason, if for no other, she owes the court a high degree of responsibility to fully and fairly disclose all of the facts and circumstances surrounding her actions when seeking discretionary relief.
She apparently remarried without the court’s permission, moved to Florida with her new husband taking the children with her far from the court’s jurisdiction. She does not assert that she took any steps to recover or seek to obtain support for nearly two years while she was in Florida.
She has furnished no facts in her moving affidavit other than the general jurisdictional facts to support her application. She has not given the date or circumstances of her remarriage; the financial circumstances of herself or her new husband either in New York or Florida; the circumstances of her present domicile and living facilities, all of which are most material to the court.
She has not explained the manner in which she was able to support the children in Florida which would in any manner justify the court in granting judgment for the full amount of arrears. She is not entitled to be unjustly enriched if support has been furnished gratuitously. (Smith v. Smith, supra, p. 658.)
The defendant has, therefore, failed to furnish the court any facts upon which it can determine to what extent, if any, he should exercise his discretion under section 1171-b to grant a judgment for the amount of $1,840.
The plaintiff urges that no judgment should be granted. He also has failed to present any facts which would assist the court in reaching a determination. He failed to apply to the court for relief through a modification of the divorce decree for a period of two years while he was in default in the support payments required thereunder and sought to take the responsibility of modifying the decree through direction of his attorney to the defendant, by letter.
The motion is, therefore, denied, without costs and without prejudice to the defendant to apply to this court for the privilege of rearguing this motion upon proper and sufficient moving affidavits, such application to be made not later than September 5,1961 by order to show cause to be first submitted to this court for signature.
If no application for reargument is made on or before September 5, 1961, the defendant’s motion for judgment is denied, with $10 costs.