Daniel G. Albert, J.
In this action, tried by the court without a jury, the plaintiff’s complaint seeks a judgment making an Illinois judgment for arrears in alimony and child support a judgment of this State. The Illinois judgment was rendered against defendant’s decedent on October 30, 1964. The amount of that judgment, $21,265, represented the sum which plaintiff claimed to be due and unpaid under a prior judgment rendered by the Circuit Court of Cook County, Illinois, on October 29, 1947, which granted plaintiff a divorce from defendant’s decedent and, among other things, directed the defendant therein to *29 pay plaintiff the sum of $15 a week for her support and $60 a week for the support of the parties’ six infant children, the youngest of whom was then three years of age.
Plaintiff’s former husband, who died during the pendency of the instant action, was a party to the 1947 proceeding before the Illinois court, having appeared therein by an attorney. He did not, however, appear in the proceedings in 1964 which led to the Illinois judgment here sued upon. Moreover, plaintiff concedes, and the 1964 Illinois judgment recites, that it was granted ex parte without any notice to the defendant husband, who was then and for several years prior thereto a resident of New York.
"While the answer in the instant action raises several affirmative defenses to plaintiff’s attempt to enforce the 1964 Illinois judgment, it is sufficient for purposes of this decision to relate that the defendant does challenge the jurisdiction of the Illinois court to render the money judgment which plaintiff now seeks to enforce.
A judgment of a sister State, when enforcement is sought in another State, is generally conclusive of the rights and obligations of the parties bound by it, and is, further, entitled to full faith and credit (U. S. Const., art. IV, § 1). It is hornbook law, however, that the want of jurisdiction of the court rendering the judgment may be shown in defense of its enforcement. If the rendering court lacked jurisdiction, either of the subject matter or of the person of the defendant, the judgment is not entitled to full faith and credit (Grover & Baker Mach. Co. v. Radcliffe, 137 U. S. 287; National Exch. Bank v. Wiley, 195 U. S. 257). An attempt by a court to render a personal judgment when it lacks in personam jurisdiction of the defendant is a violation of due process. A judgment so obtained is void where rendered and not entitled to recognition elsewhere (Hanson v. Denckla, 357 U. S. 235; Pennoyer v. Neff, 95 U. S. 714; Buchanan v. Rucker, 9 East 192).
Since defendant’s decedent received neither reasonable notice of the 1964 proceedings in Illinois nor an opportunity to defend therein, both of which are requisites of procedural due process as we understand that term in this country, it is clear that the judgment here sued upon is void, without reference to the further question of whether the State of Illinois had any predicate for the exercise of in personam jurisdiction over the defendant therein.
The question remains whether this court should read into the complaint a cause of action for arrears that have vested under the original 1947 judgment of the Illinois court. Indeed, in the *30 brief he submitted to the court, plaintiff’s attorney attempts to treat the action as though plaintiff’s claim rested solely on the 1947 judgment. This strategy, it would seem, comes possibly from a belated recognition on counsel’s part that the 1964 judgment is of no force or effect.
In any event, insofar as the 1947 decree awarding alimony is concerned, it is settled that the provisions therein directing the defendant to make periodic payments for support and alimony would be entitled to full faith and credit in this 'State as to amounts which had already accrued unless such accrued payments were subject to retroactive modification in the rendering State (Sistare v. Sistare, 218 U. S. 1). Illinois, it appears, does not permit retroactive modification of such judgments (cf. Light v. Light, 12 Ill. 2d 502).
If the court were to treat this action, then, as one to recover moneys due under the 1947 Illinois divorce judgment, rather than the 1964 Illinois money judgment for arrears, the amount of the payments ordered by the Illinois court for the period covered by the instant lawsuit, October, 1947 to July, 1959, would be entitled to full faith and credit, and would constitute a debt against which no defense originally available to the defendant in the divorce action would be valid. However, unlike the situation that would be present were the 1964 judgment a valid one, the defendant would not be deprived of defenses arising since the rendering of the 1947 judgment. One of the legal defenses available would, of course, be payment, either in whole or in part. In the court’s opinion, the availability of such defense is a critical factor in determining whether the complaint should be read as spelling out a cause of action on the 1947 judgment. The plaintiff concedes the payment by her deceased former husband of several thousands of dollars during the period covered by the complaint. The plaintiff also testified that she did not keep records of the payments for the greater portion of the period in question and that she relied in large part on her memory. As indicated earlier, her former husband died during the pendency of this action and his administrator was substituted as defendant. The answer, served during the lifetime of the deceased, did not put payment of the debt in issue. In the court’s opinion, the failure to allege payment as a defense was due to the fact that the relief demanded in plaintiff’s complaint was based entirely upon the 1964 judgment to which payment of the installments due under the 1947 judgment, would not have been available as a defense. To allow plaintiff to change the theory of her action at this stage would, in the court’s opinion, seriously prejudice the defendant.
*31 Furthermore, were plaintiff allowed to so proceed, defendant would be deprived of another possible defense. In view of the fact that plaintiff waited 17 years before attempting to collect the sums allegedly due for the support of the children, in an action properly brought to recover such sums, it would be a question of fact whether plaintiff or anyone else voluntarily supported the children and abandoned dependence on their father for such support or whether support of the children was given with the expectation of ultimate reimbursement by the father. Payment by another, or by plaintiff herself, of the children’s needs as measured by the 1947 judgment, without expectation of reimbursement would have satisfied the decedent’s obligation under that judgment (Swanton v. Curley, 273 N. Y. 325; Smith v. Smith, 255 App. Div. 652, 657-658; Brill v. Brill, 148 App. Div. 63; Keats v. Casullo, 50 Misc 2d 821, 822; Pollock v. Pollock, 31 Misc 2d 437, 438).
For these reasons, the court deems it would be an improviden exercise of discretion to treat the action as one on the underlying debt. Since the Illinois judgment on which the action is predicated is void, judgment is granted herein dismissing the complaint with prejudice but without costs.