Breitel, J.
Plaintiff sues to recover arrears of child support payments due under a 1951 Florida divorce decree from her former husband and father of the child. The principal issue is whether plaintiff, who, with her second husband, supplied the child’s needs for seven years until majority, waived the support claim against defendant. Alternatively, defendant contends that tuition payments made by his mother, the child’s grandmother, to the child’s college substituted for and satisfied his support obligations.
Trial Term, sitting without a jury, awarded plaintiff $12,775 representing amounts accruing from July, 1961 through July, 1968 when the child attained majority, together with costs and counsel fees. The Appellate Division unanimously reversed on the law and facts and dismissed the complaint, and plaintiff took this appeal. The trial court also had dismissed a second cause of action for the child’s medical expenses from which dismissal plaintiff did not appeal.
*60 The order of the Appellate Division should be reversed and the judgment at Trial Term awarding plaintiff support arrears reinstated. The facts may be reviewed by this court because of the reversal on the facts in the Appellate Division (see N. Y. Const., art. VI, § 3; CPLR 5501, subd. [b]). The testimony shows that plaintiff had made demands upon her former husband to resume support payments. This negates any inference that she assumed defendant’s obligation to support the child without expectation of reimbursement. Neither the trial court nor the Appellate Division found that the grandmother’s payments for the child’s college education were intended to satisfy defendant’s support obligations.
The 1951 Florida decree, restating the provisions of a prior separation agreement, awarded custody of the child, Fredericks, to plaintiff. The decree ordered defendant to pay $45 per week alimony for plaintiff wife until remarriage, and $35 per week for support of the child until Fredericka reached 21 or became self-supporting.
It is not disputed that defendant complied with the decree and made all support payments for eight years until April, 1959. In that month, plaintiff remarried, and it is alleged by the complaint that all child support payments then ceased.
Plaintiff testified on the trial, however, that defendant continued to make support payments for several months after the remarriage in 1959 and that some payments were made even in 1960. She could not state with certainty when the payments stopped. On pretrial examination, defendant testified that he stopped making payments in July, 1961 and the trial court accepted the husband’s testimony on that issue.
Plaintiff further testified that sometime in late 1959, she told defendant that she needed money for the child’s support and he said he could not continue the payments. Plaintiff said she attempted afterward to reach defendant by telephone on several occasions, to ask for support, but was unsuccessful. She testified that she did speak to defendant a few times in 1960 and 1961. Defendant admitted, on pretrial examination, that plaintiff demanded more money when he stopped the payments.
Defendant’s principal contention is that plaintiff and her second husband supported the child without any expectation of reimbursement, in discharge of his obligation. It is settled that *61 if a child is supported by its mother or a third person who acted without any claim or expectation of reimbursement, the husband’s support obligation is deemed satisfied and no action by the mother to recover for the child support will lie (Swanton v. Curley, 273 N. Y. 325, 329; Silkworth v. Silkworth, 255 App. Div. 226; Smith v. Smith, 255 App. Div. 652, 657; Wallace v. Harrice, 61 Misc 2d 28, 31; Keats v. Casullo, 50 Misc 2d 821, 822; Pollock v. Pollock, 31 Misc 2d 437, 438). And, whether the support was given gratuitously, without expectation of reimbursement, is a crucial question of fact (Wallace v. Harrice, 61 Misc 2d 28, 31, supra).
In no instance where the person furnishing substituted support has made demands upon the father to comply with his obligation, has it been found that the substituted support was given gratuitously, without expectation of reimbursement. Thus, in cases where there was no evidence on the issue of whether reimbursement was expected, the matter was remitted to permit the former wife to show that demands were made on the father for payments (Silkworth v. Silkworth, 255 App. Div. 226, 227, supra; Smith v. Smith, 255 App. Div. 652, 657-658, supra). And in cases where the wife’s claim for accrued support was rejected, it was deemed important that no demands were ever made upon the husband for support (see Swanton v. Curley, 273 N. Y. 325, 329, supra; Keats v. Casullo, 50 Misc 2d 821, 821-822, supra).
In the leading case of Swanton v. Curley (supra), the plaintiff, the children’s mother, remarried a well-to-do man within three months after divorcing defendant. The decree ordered the defendant to support the couple’s two children in an amount “ left to the discretion of the defendant.” Finding that the children had been amply supported by the second husband and that no one ever asked defendant for any support, the court dismissed the mother’s complaint (273 N. Y, at p. 329).
In this case, plaintiff testified and defendant conceded that a demand for support was made at or shortly after the time of plaintiff’s remarriage. This offset any inference, at the very outset of plaintiff’s remarriage, that support would be furnished without expectation of reimbursement from the father (cf. Smith v. Smith, 255 App. Div. 652, 657-658, supra).
Defendant also argues that his mother, the child’s grand- ‘ mother, voluntarily assumed his obligation as father to support. *62 Apparently the grandmother paid for Fredericka’s tuition at Barnard College for three years until the child became 21. The grandmother also, quite naturally, made various gifts of money to the child over the years, but the extent of these gifts is not certain. Nevertheless, the testimony shows that, with the exception of college tuition, plaintiff and her second husband supplied the child’s needs. Neither the trial court nor the Appellate Division found the grandmother intended to discharge defendant’s support obligation.
Defendant urges, finally, that the doctrine of loches should be applied to bar plaintiff’s recovery. The child reached 21 in July, 1968, and the action was not begun until 1971, three years later, and almost 10 years after payments ceased. In cases involving long delays, loches has not been held to bar recovery absent a showing of prejudice to the husband (see Smith v. Bray, 11 Utah 2d 218; Rybinski v. Rybinski, 333 Mich. 592, 596; Ann., Alimony or Support Order — Action — Time, 70 ALR 2d 1250, § 5). The only prejudice alleged is that defendant’s mother died in 1968 and is unavailable to testify that she intended to discharge defendant’s obligation, if indeed she would have so testified. .As noted, however, her payments for college tuition in the three years before the child reached 21 were not of a character to be the equivalent of seven years of support in discharge of defendant’s obligation.
In sum, the trial court properly resolved the issues in granting plaintiff a judgment for the arrears. Defendant, required by the Florida decree to support his child, may not avoid his proper obligation simply because the mother did not choose to litigate the support issue with diligence while the child was growing up and the friendly grandmother was alive. The evidence presented negates any suggestion that plaintiff intended to abandon or waive her claim for reimbursement.
True, there was a lapse of years in enforcement by recourse to the courts as there was in the Swanton case (273 N. Y. 325, supra). Such a lapse merely weighs, perhaps sometimes heavily, on the issue of fact, but does not compel a conclusion either way as a matter of law. Notably, in the Swanton case, it was emphasized that “ no one asked ” the father for support, a support defined in the judgment in that case as discretionary in any event (273 N. Y., at p. 329). On the facts of this case the father *63 has unnaturally rejected his obligation, decreed against him as a legal obligation. The experienced and sensitive trial court was eminently entitled to find, as it did, that the natural and legal obligation was not dissolved because no one persisted in compelling him to comply with his obligation.
Plaintiff on her appeal also contends she should be allowed interest from the time the cause of action for each support payment accrued. Although Trial Term granted plaintiff judgment, it declined to award interest from the time each cause of action accrued. Plaintiff has not shown that the trial court abused its discretion or that interest is awarded from the time of accrual of a cause of action for support arrears (cf. CPLR 5001, subd. [a]; see, e.g., Matter of Hambleton v. Palmer, 54 Misc 2d 766, 771).
Accordingly, the order of the Appellate Division should be reversed and the judgment at Trial Term reinstated, with costs to plaintiff.
Judges Burke, Jasen, Jones and Wachtler concur with Judge Breitel; Chief Judge Fuld and Judge Gabrielli dissent and vote to affirm in the following memorandum: In our view, the weight of evidence lies with the determination arrived at by the Appellate Division. Accordingly, we dissent for the reasons stated by that court in its opinion.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.