■ LESTER LEVY, Appellant, v ELLEN LEVY, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered September 11, 1974, which judgment was modified by an amended judgment entered May 30, 1975, the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered August 24, 1987, as, after a hearing, granted that branch of the defendant wife's motion which was for leave to enter a money judgment against the husband for alimony and child support arrears, denied his cross motion for an order terminating alimony and child support payments as of September 15, 1980, and for an award of child support from the defendant.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the plaintiff's cross motion which was for an award of child support from the defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on that branch of the cross motion.

The plaintiff and the defendant were married on September 11, 1965. There was one issue of the marriage, Scott, born

May 23, 1969, who was nearly 18 years of age at the time of the hearing. The parties entered into a separation agreement on September 22, 1972, which provided that custody would remain with the mother and also provided for weekly payments by the plaintiff to the defendant in the sum of $67.50 for alimony and $50 for child support.

The parties were divorced by judgment entered September 11, 1974, having lived apart more than one year after the execution of the agreement (see, Domestic Relations Law § 170 [6]). The provisions of the separation agreement with respect to alimony and child support were reiterated in but not merged in the judgment and the court retained jurisdiction "for the purpose of specifically enforcing such of the provisions of that agreement as are capable of specific enforcement or, to the extent permitted by law, of making such further decree with respect to alimony, support, custody or visitation". In addition, the judgment included an express direction that the plaintiff pay to the defendant the same amounts as those agreed upon by the parties in the separation agreement. In an amended judgment entered May 30, 1975, the weekly alimony and support payments were increased to $71.83 and $54.33, respectively, pursuant to escalation provisions in the parties' agreement.

The plaintiff has concededly been in default of his obligation to pay alimony and child support since September 15, 1980. Scott lived with his mother until July 1986, when he moved into his father's home. On or about November 26, 1986, the defendant moved pursuant to Domestic Relations Law § 244 for leave to enter a money judgment against the plaintiff for outstanding child support and alimony arrears. The plaintiff cross-moved for an order, *inter alia,* modifying the judgment of divorce to cancel all alimony and child support payments to the defendant from September 15, 1980, and awarding him child support from the defendant. The parties stipulated with respect to the number of weeks for which a suit for arrears was not barred by the six-year Statute of Limitations (see, *Tauber v Lebow,* 65 NY2d 596).

The plaintiff contends that the defendant has been habitually living with another man and holding herself out as his wife (see, Domestic Relations Law § 248). The defendant concedes that she has lived with a man since 1976 but denies that she holds herself out as his wife. As to the plaintiff's obligation to pay child support, he testified that he and the defendant entered into an oral agreement whereby she agreed to waive her rights to receive alimony and child support and he

agreed to give up his rights of visitation. He stated that, as a result of this agreement, he did not see Scott or attempt to communicate with him until he began receiving telephone calls from his son in 1985. The defendant denied that the parties entered into such an agreement.

Upon our review of the record, we agree with the determination that the plaintiff failed to establish that the defendant was holding herself out as another man's wife. In interpreting the provisions of Domestic Relations Law § 248, it was stated in the seminal case of *Northrup v Northrup* (43 NY2d 566, 571-572): "The statute thus imposes two requisites for the termination of alimony in the absence of remarriage: (1) habitually living with a man, and (2) holding herself out as his wife. The courts are without power to modify merely on proof of one". Absent such a showing of both elements set forth in the statute, the courts have no power under Domestic Relations Law § 248 to modify or annul a support obligation *(see, Matter of Bliss v Bliss,* 66 NY2d 382, 388).

Whether a party waived rights arising under an agreement or judgment is a question of fact *(see, Maule v Kaufman,* 33 NY2d 58, *rearg denied* 33 NY2d 940; *Friedman v Exel,* 116 AD2d 433, 435-436). After a hearing, the court determined that the defendant never waived her right to the support and alimony payments. The court found plausible the defendant's explanation as to why she took no action against the plaintiff from 1980 to 1986 *(see, Maule v Kaufman, supra; Thompson v Lindblad,* 125 AD2d 460, 461). It is well established that matters of credibility are properly determined by the hearing court whose decision should not be disturbed if supported by a fair interpretation of the evidence *(see, Feeney v Booth Mem. Med. Center,* 109 AD2d 865, 866).

Finally, as part of his cross motion, the plaintiff husband requested an award of child support payments to be paid to him by the defendant. He bases this request upon the change in custody from the defendant to the plaintiff which was formally effectuated by order of the Family Court, Rockland County, on December 8, 1986. Domestic Relations Law § 32, entitled "Persons legally liable for support of dependents", provides, in pertinent part, as follows: "3. Parents liable for support of their child or children *under twenty-one years of age.* If possessed of sufficient means or able to earn such means, *either or both parents* may be required to pay for such child's care, maintenance and education a fair and reasonable sum according to their respective means, as the court may determine and apportion" (emphasis supplied).

Since there was a change of custody from the defendant to the plaintiff and either or both parents, according to their respective means, are liable for the support of Scott until he reaches the age of 21 years, the Supreme Court should not have denied the plaintiff's request for an award of child support without a hearing. Accordingly, we remit this matter to the Supreme Court for a hearing and new determination on that branch of the plaintiff's cross motion. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.