■ IRWIN LEVINE, Appellant, v NEAL CEPPOS, Respondent. [627 NYS2d 86] —In an action to recover costs and college tuition expended by the plaintiff on behalf of the defendant's children, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated April 19, 1993, which directed the entry of judgment in favor of the defendant dismissing the plaintiff's complaint, (2) a second order of the same court dated February 16, 1993, which, *inter alia,* gave the parties notice and directed the parties to provide memoranda of law on the issue of plaintiff's standing, and (3) a judgment entered July 30, 1993, entered upon the order dated April 19, 1993, dismissing the complaint.

Ordered that the appeal from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is a well settled rule that if a child is supported by a third person who acted without any claim or expectation of reimbursement, the parent's support obligation is deemed satisfied and no action to recover for the support will lie (see, Swanton v Curley, 273 NY 325; Silkworth v Silkworth, 255 App Div 226).

Here, the plaintiff's own proof established that he paid the childrens' costs and tuition voluntarily and without any expectation of reimbursement. The plaintiff's claim cannot be based on an expectation arising out of the judgment of divorce insofar as he was not a party to that action and, therefore, he does not have standing to enforce the terms of that judgment. Moreover, even if the plaintiff's standing were construed to arise out of the divorce judgment, here the mother (the plaintiff's wife) executed a Stipulation and Release in favor of the defendant (her former husband), in consideration of $15,000, in full and "final settlement" of any and all claims "including child support". Accordingly, any claim by the plaintiff to recover for support or tuition is precluded.

Contrary to the plaintiff's contention, the Supreme Court has the inherent power to search the record and award summary judgment to a nonmoving party (Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106; see also, NY Const, art VI, §§ 4, 7).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.